THE AULTMAN AND TAYLOR COMPANY v. S. J. FRA-
ZIER et al.

No. 125.

1. APPELLATE PROCEDURE—*rules of court concerning briefs can-
not be disregarded.* The rules of this court upon the subject
of briefs were adopted to be observed and followed; and a disre-
gard of their plain requirements by plaintiff in error, without valid
excuse, is of itself sufficient reason for the affirmance of the judg-
ment or dismissal of the case. *Baker v. Sears*, 2 Kan. App. 617.

2. WARRANTY—*of threshing machine construed in this case.*
The warranty in this case should be construed to be a warranty
of the machine as a whole, and of each and every part thereof
(with the exception of the levers and belting), that, in case the
machine received good management and certain directions were
intelligently followed, it would do good work, and that if it did
not, the Company was to remedy the defect at its own expense,
or take back the machine and refund payments.

3. ———— *contract providing for notice at Company's head-
quarters of breach of, notice to manager for Kansas sufficient.*
Where it is provided in the conditional warranty of the sale of a
machine, "If the purchaser, intelligently following certain rules,
directions, etc., is unable to make it operate well, he must within
ten days after the delivery give notice in writing to the Company
at Mansfield, Ohio," and it is shown that the manager in charge
of the Company's business for the State of Kansas, at Kansas
City, Mo., had notice and sent a party to examine the machine
and remedy the defect, this would be suffient notice to the Com-
pany that it did not comply with the warranty.

Error from Marshall District Court. Hon. R. B.
Spilman, Judge. Opinion filed December 5, 1896.
*Affirmed*.

*J. A. Broughten*, for plaintiff in error.

*Mann & Redmond*, for defendants in error.

GILKESON, P. J.    Our attention is called to the fact
that *in some respects* the brief of the plaintiff in error
is not in conformity with rule five of this court.    We
can add to this that it does not *in any respect* con-

AULTMAN & TAYLOR CO. v. FRAZIER.    203

Dec. 5, 1896.        Opinion.   Gilkeson, P. J.            C. Div.

form thereto, except that it is printed.   It consists of nine pages and is styled "Statements of Facts," without a specification of error separately and particularly set out therein.   Objections to the admission and rejection of testimony are strewn all through it, without quoting any of the evidence ; criticisms upon instructions given and refused, without setting out the instructions ; and it is impossible to distinguish between arguments and statements of facts.   There can be no valid excuse for such total disregard of the plain requirements of rule five of this court, and as was said *per curiam*, in *Baker v. Sears* (2 Kan. App. 620):

**1.** Rules concerning briefs cannot be disregarded.

"The rules of this court with reference to briefs, both as to their form, subject matter, and time of service, were adopted for the purpose of affording to the court and counsel the fullest opportunities and best means for the consideration and disposition of cases.   These rules should be regarded by the attorneys having business before the court as something more than mere suggestions to be observed or disregarded at their pleasure ; and a failure to comply with their plain requirements on the part of the plaintiff in error, without adequate excuse, is sufficient reason itself for affirming the judgment or dismissing the case."

On page two of the brief we find the following statement :

"The contention of the plaintiff is, that the machine was purchased under a written warranty ; that Frazier, to avail himself of the warranty, must render substantial compliance therewith ; and that no written or actual notice was given by him, and no waiver or knowledge to the Company, and by reason of his default, he has no recourse against the plaintiff."

On page seven, we find this statement :

"If the machine was purchased under the contract,

204    AULTMAN & TAYLOR CO. V. FRAZIER.

N. Dept.          Opinion.   Gilkeson, P. J.          5 Kan. App.

then before defendant Frazier can recover he must show one of the following propositions :

"1. Written notice as provided in the contract; Frazier makes no pretense of having given it.

"2. The failure of such notice by the plaintiff; there is no evidence to support a waiver of the requirements of the contract."

Treating these as the assignment of error — for upon examination of the record we find that the only questions raised in the court below are embodied therein — we fail to find any reversible error in the record. The warranty relied upon is as follows :

"*Warranty on Thresher.* This machine is ordered, purchased and sold subject to the following warranty and agreement, viz. : That with good management the Aultman-Taylor thresher is capable of doing a good business in threshing and cleaning grain, and is superior in its adaptation for separating and saving from the straw, the various kinds and conditions of grain and seeds.

"*Conditioned*, that the undersigned purchaser shall intelligently follow the printed hints, rules and directions of the manufacturers ; and if by so doing they are unable to make it operate well, written notice stating wherein it fails to satisfy the warranty is to be given by the purchaser to The Aultman & Taylor Company, at Mansfield, Ohio, by registered letter, within ten days after the delivery of the machine to the purchaser, and reasonable time allowed to get to it and remedy the defect, unless it be of such a nature that they cannot advise by letter. If they are not able to make it operate well ( the purchaser rendering necessary and friendly assistance) and the fault is in the machine, it is to be taken back and the payments refunded, or the defective part remedied and made the same as in other machines which do perform satisfactorily. But, if the purchaser fails to make it perform through improper management, or neglects to observe the printed or written directions, then the purchasers are to pay all expenses incurred. Also, that if any

AULTMAN & TAYLOR CO. v. FRAZIER.     205

Dec. 5, 1896.     Opinion.   Gilkeson, P. J.     C. Div.

part of said machine (except the levers or belting) fails during this year in consequence of any defect in the material of said part, if the purchaser shall have observed the printed or written directions applicable to the management of such part, The Aultman & Taylor Company are to furnish a duplicate of said part free of charge, except freight, after the presentation of the defective piece, clearly showing a flaw in the material, at the factory, at any time within one year; but deficiencies in pieces, or in special attachment, not to condemn other parts; and deficiencies in general adaptation or the taking back of the machine, must be reported by registered letter to The Aultman & Taylor Company, at Mansfield, Ohio, within ten days after delivery of it to the purchaser; otherwise all claims whatever are expressly waived by the purchaser."

This warranty should be construed to be a warranty of the machine as a whole, and of each and every part thereof, except *levers* and *belting*, and that with good management the machine should be capable of doing good work in some particulars and superior work in others; that if certain printed directions were followed and it could not be made to operate successfully, the Company, upon notice, would at its expense make it operate, and if the defect should be in the machine, the Company would take it .back and refund the payments; if the fault were in a defective piece, that is, the piece being imperfectly made, the Company, upon notice, would replace the defective piece with a perfect one at its expense, except freight.

2. Warranty construed.

The terms of the warranty are mutual; and the Company cannot insist upon a strict compliance with its terms by the purchaser, and fail, neglect and refuse to comply with them itself. The jury found generally for the defendants. No special findings were

206    AULTMAN & TAYLOR CO. v. FRAZIER.

N. Dept.        Opinion.   Gilkeson, P. J.        5 Kan. App.

asked or returned and the trial court has sanctioned their verdict. The general finding in their favor is a finding in their favor for all the facts necessary to constitute their defense, and we think there is abundant testimony to support the verdict. As we have said, the only contention on the part of the plaintiff, raised by the pleadings is as follows :

"That this defendant, S. J. Frazier, has wholly neglected and failed to keep and perform the conditions of said contract and warranty on his part, in this, to-wit : 'Conditioned that the undersigned purchaser shall intelligently follow the printed rules, hints and directions of the manufacturers ; and if by so doing they are unable to make it operate well, written notice stating wherein it fails to satisfy the warranty is to be given by the purchaser to The Aultman & Taylor Company, at Mansfield, Ohio, by registered letter, within ten days after the delivery of the machine to the purchaser.' That defendant S. J. Frazier did not cause a written notice, stating wherein such machine fails to satisfy the warranty, to be given to this plaintiff at Mansfield, Ohio, by the said defendant, within ten days after the delivery of the machine to him. And by reason thereof, and under the terms and conditions of said contract and warranty, the said S. J. Frazier expressly waived all claims whatever, including the said alleged defects and claims set forth in the several answers herein ; and by reason thereof, the said defendants are estopped from making their pretended counter-claim herein for damages."

Now, construing this pleading — the reply — strictly, the plaintiff complains only of the failure to give the written notice ; but giving it the most liberal construction possible, the complaint is then, that the defendant did not intelligently follow the printed rules, hints and directions of the manufacturers, and did not give the written notice. What these rules, hints and directions were we are unable to say, as there is not a

AULTMAN & TAYLOR CO. v. FRAZIER.        207

Dec. 5, 1896.        Opinion.   Gilkeson, P. J.        C. Div.

syllable of testimony upon the subject; nor does the testimony show that the defendant did not intelligently follow them in the management of the machine.

We think; under the warranty, the facts necessary for the defendants to prove in order to sustain their defenses are :

I. That the machine received good management. There is not a word of testimony to show that it did not; on the contrary, the testimony is uncontradicted that persons who had had from two to ten years' experience with threshing machines did all they knew how to do to make it work, that is, to keep the cylinder from heating.

II. That it was not capable of doing a good business in threshing and cleaning grain.   All of the testimony upon this proposition is positive and undenied, and shows that it could not be run continuously without danger of setting it on fire, by reason of the defective cylinder box, and that it was idle at least one-third of the time.

III. That he notified the Company within the time. Upon this there is a conflict of testimony; but it is proven beyond dispute that the general

3. Notice of breach of warranty sufficient, when.

manager of the Company for the State of Kansas received notice — how or from whom is not shown — and that he sent an expert to look after this machine.  But the Company's contention seems to be "that it did not receive notice as required by the contract," that is, by registered letter sent to the Company at Mansfield, Ohio.   We think notice to the general manager would be sufficient notice under the warranty, striking out the conflicting testimony upon the subject of written notice to the house. *Machine Co. v. Mann,* 42 Kan. 372.   We think

there is ample testimony to sustain the finding of all these facts.

But, as we have said, the terms of the contract of warranty are mutual; yet the plaintiff did not perform its part, or even attempt so to do. Under the contract, it was "to remedy the defect, and if possible make the machine operate well;" it did not even attempt so to do; the expert sent by the general manager, Boyd, refused to go to the place where the machine was and ascertain what was the matter with it. If the Company could not make it operate well, and the fault was in the machine, it was to take it back and refund the payment; if the fault was a defective part, that part was to be remedied and made the same as in other machines which did work well.

But it is contended that the defendant should have had this defect remedied, under the rule that "it is the duty of the party injured to take reasonable measures to lessen the damages." We think the testimony in this case clearly shows that he did this, and there is nothing to indicate that he aggravated them. Under the express terms of the contract, it was the duty of the Company to remedy the defects at its own expense, unless the fault was occasioned by improper management, or failure to observe the rules, hints, etc., of the manufacturer; and, besides, the defects proven were in the machine, and required skilled workmen to remedy them. After the machine was taken by the Company and sold to another person they were remedied by a man sent from the factory upon the same complaint being made, a local artisan having failed to correct it. The testimony shows that the power did not work as it should, from what cause we are unable to state as it is not disclosed by the testimony.

One other proposition we will pass upon in this case, as it is called to our attention in the brief, and that is, that the verdict is excessive. We think not. There is abundant testimony to support the amount of damages, on the theory that the machine was worthless to the defendant Frazier; and as the plaintiff had agreed to remedy the defects, and could have done so and in all probability made this machine operate well, but refused and neglected to do so, it cannot now complain of the damage its own wrong has caused.

The judgment will be affirmed.