PETER C. PEUSER, Appellant, v. ELIZABETH D. MARSH, Respondent.

Statutory construction — construction and interpretation of statutes relating to legal procedure — to avoid circuity of action buyer of goods at conditional sale may plead breach of warranty in action brought by the seller for the price or to replevin the goods.

1. Where a question as to the construction of a statute relating to legal procedure is evenly balanced in other respects, that view should prevail which tends to promote the welfare of litigants by preventing circuity of action.

2. In the case of a conditional sale, where the seller sues for the purchase price or seeks to reclaim the goods by means of an action of replevin, the buyer may defend by pleading a breach of warranty by way of recoupment in diminution or extinction of the price. (Personal Property Law [L. 1911, ch. 571], §§ 82, 150.)

*Peuser* v. *Marsh*, 167 App. Div. 604, affirmed.

(Argued May 22, 1916; decided July 11, 1916.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 20, 1915, in so far as it reverses a judgment of Special Term sustaining a demurrer to affirmative defenses set up in the answer and overrules said demurrer.

The· following questions were certified: " *First.* Is the defense, consisting of new matter, pleaded as a first and separate defense and set forth in the first subdivision of the amended answer, insufficient in law upon the face thereof ? *Second.* Is the defense, consisting of new matter, pleaded as a second and separate defense and set forth in the second subdivision of the amended answer, insufficient in law upon the face thereof ? "

The facts, so far as material, are stated in the opinion.

*Thomas B. Merchant* for appellant. In an action of replevin to recover the possession of chattels sold under a contract of conditional sale whereby title remains in the plaintiff until full payment, the defendant cannot set up damages for an alleged breach of warranty in· extinction of the unpaid purchase price, and thereby defeat the recovery. (*Roach* v. *Curtis,* 115 App. Div. 765; 191 N. Y. 387; *Levis* v. *Pope M. C. Co.,* 202 N. Y. 402; *Osborne* v. *Gantz,* 60 N. Y. 540; *English* v. *Hanford,* 75 Hun, 428; *Spaus* v. *Stolwein,* 75 Misc. Rep. 1; *Carpenter* v. *Chapman,* 139 N. Y. Supp. 849; *Fitzgerald* v. *Quann,* 109 N. Y. 441; *People* v. *Harris,* 123 N. Y. 70.) The two defenses are insufficient under section 130 of the Sales of Goods Act. (*Tooker* v. *Arnoux,* 76 N. Y. 397, 400; *Rothenberg* v. *Shapiro,* 140 N. Y. Supp. 148; *Shearer Co.* v. *Kakoulis,* 144 N. Y. Supp. 1077; *Marx* v. *Locomobile Co.,* 82 Misc. Rep. 468.)

*H. J. Hennessey* for respondent. The sales of goods article of the Personal Property Law, being chapter 571 of the Laws of 1911, applies to conditional contracts of sale. (L. 1911, ch. 571, § 82; *Shearer Co.* v. *Kakoulis,* 144 N. Y. Supp. 1077; *Marx* v. *Locomobile Co. of America,* 82 Misc. Rep. 468.) A vendee, under a conditional sale contract, may recoup his damages on breach of warranty in any action brought by vendor to enforce the contract. (L. 1911, ch. 571, § 150; *Ames Iron Works* v. *Rhea,*

56 Ark. 450; *Aultman Co.* v. *McDonough*, 110 Wis. 263; *Hutt* v. *Bruckman*, 55 Ill. 441; *Clement* v. *Field*, 147 U. S. 467; *Scognamillo* v. *Passarelli*, 210 N. Y. 550; 157 App. Div. 428; *Reab* v. *McAllister*, 8 Wend. 110.)

WILLARD BARTLETT, Ch. J.   This appeal presents the question whether in the case of a conditional sale, where the seller seeks to reclaim the goods by means of an action of replevin, the buyer may defend by pleading a breach of warranty by way of recoupment in diminution or extinction of the price.   By the Uniform Sales Act, adopted in this state in 1911 and made article V of the Personal Property Law (Laws of 1911, ch. 571), it is expressly provided that where there is a breach of warranty by the seller the buyer may at his election "accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price." (§ 150.)   It is contended, however, that this provision does not apply to conditional sales at all where the title has not passed from the seller to the buyer; or, if it does apply to conditional sales, it is only where the seller sues for the purchase price of the goods and not where he is endeavoring to get them back.

In the present action the plaintiff sues to recover possession of a piano, together with a stool and scarf.   The complaint alleges that the said chattels were purchased by the defendant from an agent of the plaintiff under a contract of conditional sale whereby the title was not to vest in the defendant until the payment of $260, of which $25 was to be paid in merchandise, $16 in cash, and the balance in monthly installments of $6 each, and that the defendant has failed to pay the sum of $141, with accrued interest thereon, which was due and payable on the 1st day of August, 1914.   Each of the defenses which is assailed by the demurrer sets up certain warranties and the breach thereof to the defendant's damage in the sum

of $200.   The defendant further avers that, relying upon the warranties, she had paid to the plaintiff $119 to apply upon the purchase price, and that by reason of the premises the defendant has become the owner of the piano and the plaintiff is indebted to her in the sum of $59. This is in effect a plea that the breach of warranty has operated to extinguish any further liability on account of the purchase price.   The position of the defendant is that she has paid all that she is legally obligated to pay under the contract, and, therefore, that she is entitled to consider and does consider the goods as her own.   She claims to be exercising the right given by the statute to the buyer where there is a breach of warranty by the seller, namely, to keep the goods and set up the breach of warranty by way of recoupment in extinction of the price.

It is clear that conditional sales fall within the purview of the Uniform Sales Act (§ 82).   Although replevin is strictly a possessory action (*Roach* v. *Curtis*, 191 N. Y. 387) and the term *recoupment* generally signifies a deduction from a money claim (*Deeves & Son* v. *Manhattan Life Ins. Co.*, 195 N. Y. 324, 336) the right to possession in a case like this depends upon the payment of the purchase price; and as the statute provides that the purchase price may be extinguished (which is equivalent to saying it may be paid) by recouping such damages as the buyer may have sustained by the seller's breach of warranty, we can see no sufficient reason for holding that such a defense is not available in a replevin suit.   Where a question as to the construction of a statute relating to legal procedure is evenly balanced in other respects, that view should prevail which tends to promote the welfare of litigants by preventing circuity of action.   It is obviously to the interest of both parties to a contract of conditional sale like that in suit here to have their respective claims adjusted and determined in one law suit; and we think that the legislative intent to permit this to be done is discoverable in the language of the statute — whether the

seller sues for the purchase price or sues to recover back the goods.

The judgment of the Appellate Division should be affirmed, with costs, and both questions certified answered in the negative.

HISCOCK, CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment affirmed.