450    COURT OF ERRORS AND APPEALS.

Vapor Vac. Heat. Co. v. Kaltenbach & Stephens. *94 N. J. L.*

VAPOR VACUUM HEATING COMPANY, RESPONDENT. v.
KALTENBACH & STEPHENS, INC., APPELLANTS.

Submitted March 22, 1920—Decided June 14, 1920.

1. Plaintiff agreed to install for defendant, and did install, an oil
   seal combustion control apparatus in connection with their
   boilers.    There was evidence of acceptance, and the question of
   defendant's liability was properly submitted to the jury, for if
   they found that the plaintiff had completely performed its con-
   tract, the defendant was bound to accept, and plaintiff could re-
   cover under section 63 of the Sale of Goods act.    Under section
   11 of this act the buyer is entitled to treat fulfillment of a war-
   ranty as a condition precedent only when title has not passed.
   The seller is not discharged from liability in damages for breach
   of warranty by the buyer's acceptance, and, notwithstanding his
   acceptance, might, under sections 49 and 69, recover for breach
   of warranty, if properly pleaded.
2. Testimony of a witness that an oil seal combustion control de-
   vise, as installed by plaintiff, would save a considerable per-
   centage of fuel, was admissible even though he had made no test
   of the device.
3. If defendant desired the court to qualify the effect of a letter
   which was relevant to the issue, a request to that effect should
   have been made.
4. Where the seller stated that a combustion control device would
   save a considerable percentage of fuel, upon an action to recover
   the purchase price, it was proper to refuse a request that if the
   seller had refused to make a test it could not recover, where there
   was evidence of acceptance, and the contract only required tests
   in case a comparison of evaporative tests were found necessary,
   and there was no allegation of necessity.
5. Under section 48 of the Sale of Goods act continual possession
   and use of a device may amount to an acceptance.

On appeal from the Supreme Court.

The plaintiff agreed in writing with the defendant to in-
stall in connection with their boilers an oil seal combustion
control apparatus.   Fifty per cent. of the price was payable
after the completion and successful operation of the apparatus
and the balance within sixty days thereafter.   They guar-
anteed that the apparatus would effect a saving of not less

than seven per cent. in cost of fuel. The contract provided that as cheap a grade of fuel would be used as could be burned to advantage; that changes that might take place in the market price of coal would be considered; that the saving would be computed according to a comparison that would be made of evaporative tests if found necessary; that in case the apparatus failed to effect the saving mentioned, the complainant would remove it without cost to the defendant upon receipt of written notice to this effect, and place the defendant's plant in the same condition it was at first; and that the system would be installed complete with blowers, all dampers and patented apparatus necessary for the control of combustion. The plaintiff claims that the installation was complete December 20th, 1918. Suit was begun March 21st, 1919. The defendant claims that the installation was never completed. There was evidence that it was completed and also that it had been accepted by the defendant. The defendant claimed the right to reject the apparatus generally because it was not complete, and specifically because it did not effect a saving of seven per cent. as plaintiff guaranteed. The verdict was for the plaintiff; from the judgment entered thereon the defendant appealed.

For the respondents, *Carr & Carroll.*

For the appellant, *Wolber & Gilhooly.*

The opinion of the court was delivered by

SWAYZE, J. The charge of the learned trial judge permitted the jury to find a verdict for the plaintiff (1) if the apparatus was completely installed and the conditions precedent fulfilled, and (2) if the apparatus was accepted by the defendant. In the first case the plaintiff was unquestionably entitled to recover the contract price. In the second case the question would remain whether the plaintiff was entitled to recover the full amount of the contract price. In neither case could the defendant claim, as it does, a total absence of liability on the ground of non-performance of a condition prece-

dent.   The contract was a contract for the sale of goods.   The facts were very much the same as in *Mechanical Boiler Cleaner Co.* v. *Kellner,* 62 *N. J. L.* 544, and bring the case within the rule of *Pawelski* v. *Hargreaves,* 47 *Id.* 334, and within section 4 of the Sale of Goods act.   Under that act the right of the buyer to treat the fulfillment by the seller of his obligation to furnish goods as described and as warranted, as a condition of the obligation of the buyer to perform his promise to accept and pay for the goods, is limited to cases where the property in the goods has not passed.   *Sale of Goods act,* § 11; *Comp. Stat., p.* 4650.   But where the property in the goods has passed the rights of the buyer are somewhat different.   This is especially the case where the buyer has accepted the goods as the jury found in this case (unless, indeed, they found that the plaintiff had completely performed, in which case the defendant was bound to accept.   *Sale of Goods act,* § 63; *Comp. Stat., p.* 4662).   The seller is not by the buyer's acceptance discharged from liability in damages for breach of any promise or warranty (section 49).   The buyer may, notwithstanding his acceptance, either set up the breach of warranty by way of recoupment, in diminution or extinction of the price, or maintain an action for damages for breach of warranty.   *Comp. Stat., p.* 4663, § 69.   The pleadings in the present case raise only the issue of complete performance and the grounds of appeal present no question as to reduction of damages, recoupment or counterclaim.   The defendant apparently desires that those questions shall not be passed upon in the present litigation.   Dealing with the question in this aspect, we find no error.   (1) Manifestly, it would have been improper to nonsuit the plaintiff or direct a verdict for the defendant.   (2) It was proper to allow Hess to testify that the plant as installed was in a position to effect a saving of not less than seven per cent. of the cost of fuel used.   If he had made no test, his testimony may not have been of much importance, but it was not inadmissible.   (3) The letter of February 14th was admittedly relevant.   If the defendant desired the court to qualify its effect, a request should have been formulated, and even then the matter would

probably have been within the discretion of the court. (4) It was proper to refuse to charge that if the plaintiff refused to make a test to determine whether the apparatus effected a saving of seven per cent. in the cost of fuel, the verdict must be for the defendant. The failure to make a test might make it difficult for the plaintiff to prove complete performance and might throw discredit on its claim to recover, but that is unimportant, in view of the testimony as to acceptance. The plaintiff had a right to depend, as it did successfully, on the proof of acceptance. The contract did not require tests unless a comparison of evaporative tests were found necessary. The defendant nowhere alleged that necessity, nor did it unconditionally and unequivocally demand any test. There were negotiations on the subject chiefly as to how the expense was to be met, but that is all. (5) It was clearly right to qualify the defendant's request to charge by calling attention to the evidence as to acceptance. (6) Evidence as to the continued possession and use of the apparatus could not properly be ignored as the defendant requested. Under section 48 of the Sale of Goods act, those facts, if proved, might amount to an acceptance. The same considerations apply to the request complained of in the tenth ground of appeal.

The judgment is affirmed, with costs.

*For reversal*—None.