RICHARD M. GOTTMAN *vs.* JEFFREY-NICHOLS COMPANY.

Suffolk. December 7, 1928. — June 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Sale,* Conditional, Rescission. *Sales Act. Practice, Civil,* Findings by trial judge. *Evidence,* Competency, Of value.

At the trial in a district court of an action of contract to recover the value of property and money turned over by the plaintiff to the defendant as part of the purchase price of an automobile bought by the plaintiff from the defendant under a contract of conditional sale which, the plaintiff contended, he had rescinded on the ground of a breach of warranty, there was evidence that the defendant warranted the automobile to be of the 1927 model, whereas it was of the 1926 model; and that two or three days after the plaintiff learned of this fact he offered to return the automobile to the defendant, but that the offer was refused by the defendant, who repossessed the car a short time later upon the plaintiff's refusal to pay the next instalment due under the contract. The plaintiff testified that, between the time he learned that the automobile was of the 1926 model and the time it was repossessed, he "used the car some, but only a very little." The trial judge found for the plaintiff. *Held,* that

(1) The general finding for the plaintiff imported a finding of every subsidiary fact necessary to that conclusion, and must stand if supported by the evidence and not tainted in some material aspect by an erroneous ruling of law;

(2) On the record, it could not be said as a matter of law that there was such use of the automobile by the plaintiff after he had learned of the breach of warranty and after he had offered to return the automobile as would bar his right to rescind;

(3) The sales act, G. L. c. 106, applied to the contract of conditional sale;

(4) It could not be said on the record that the plaintiff did not rescind the contract within a reasonable time;

(5) Evidence, offered by the defendant, of the price for which he sold an automobile "turned in" by the plaintiff as part of the purchase price of the automobile sold to him by the defendant, properly was excluded in the absence of any evidence to show the circumstances of such sale.

*Whether* such evidence, which showed that the sale price of the automobile "turned in" was far less than the value thereof agreed upon in the contract of conditional sale, was admissible in any circumstances in such an action, was not decided.

CONTRACT. Writ in the Municipal Court of the City of Boston dated December 22, 1927.

Material evidence and rulings requested by the defendant and refused by the trial judge at the trial in the Municipal Court are described in the opinion. The judge found for the plaintiff in the sum of $1,064.75 and reported the action to the Appellate Division. The report was ordered dismissed, and the defendant appealed.

The case was argued at the bar in December, 1928, before *Rugg*, C.J., *Crosby, Carroll, Wait,* & *Sanderson*, JJ., and afterwards was submitted on briefs to all the Justices.

*E. C. Park*, for the defendant.

*E. T. Doherty*, for the plaintiff.

RUGG, C.J. This is an action of contract wherein the plaintiff seeks to recover money and the value of chattels turned over to the defendant on a conditional sale contract of a motor vehicle by the defendant to the plaintiff, which according to the contention of the plaintiff had been rescinded by the plaintiff for breach of warranty by the defendant. The warranty was that the motor vehicle was of the 1927 model. In fact, it was an earlier model. When the plaintiff learned of this fact he offered to return the motor vehicle; it was refused by the defendant; the plaintiff refused to pay the second instalment; and the defendant repossessed itself of the motor vehicle and the plaintiff brought this action. The trial judge found in favor of the plaintiff for the amount claimed and this decision was affirmed by the appellate division. The dates (1) of knowledge of fraud by the plaintiff and (2) of attempted rescission are not fixed with precision. The only certain date is that of repossession of the car by the defendant, which was April 5, 1927. The testimony of the plaintiff most favorable to him is on page 3 of the record in these words: "that the plaintiff first learned that the car was a 1926 model and not a 1927 model two or three days prior to the attempted rescission; that the whole sequence of events, the plaintiff first learning that the car was a 1926 car and not a 1927, the attempted rescission by the plaintiff, and the subsequent repossession of the car by the defendant, all took place within a short time of each

other. He further testified that during the period between the time that he, the plaintiff, first learned that it was a 1926 model and the time that it was repossessed by the defendant, he used the car some, but only a very little." Apparently the only facts regarded as material by the trial judge are these: "I find that the defendant warranted that the car was a 1927 model when it knew that it was a 1926 model; that the plaintiff rescinded as soon as he knew of the fraud; that it was in as good condition when repossessed as when purchased, and that the car turned in was worth $900."

The general finding of the trial judge in favor of the plaintiff imports a finding of every subsidiary fact necessary to that conclusion. *Adams* v. *Dick,* 226 Mass. 46, 52. That finding is conclusive and will be upheld unless shown to be without support in the evidence or tainted in some material aspect by an erroneous ruling of law. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

The defendant now contends that there was error in the refusal to give requests 8 and 9; in substance, that the plaintiff cannot recover if he made any use of the car for his own purposes (8) after knowledge of the breach of warranty or (9) after he had offered to return the car to the defendant. There can be no doubt that when title has passed to a purchaser in a sale which may be rescinded because of a breach of warranty, the right to rescind or to insist upon a prior rescission is lost if the purchaser, after knowledge of the breach which justified rescission or after tender of return of the article purchased, uses it in ways inconsistent with ownership in the seller. *Graham* v. *Hatch Storage Battery Co.* 186 Mass. 226. There may, however, be acts of use which do not amount to such invasions of the seller's property right, as in *Boles* v. *Merrill,* 173 Mass. 491, a use for further testing after notice of rescission, or during a reasonable period between knowledge of the breach which justifies rescission and notice of rescission. *Skillings* v. *Collins,* 224 Mass. 275. *Bassett* v. *Brown,* 105 Mass. 551, 557. It is impossible to say on this record that there was as matter of law a use which waived or invalidated the rescission.

It has been generally held that the sales act applies to

contracts of conditional sale such as is involved in the case at bar. G. L. c. 106, § 3. *Peuser* v. *Marsh*, 218 N. Y. 505, 508. *Dinsmore* v. *Maag-Wahmann Co.* 122 Md. 177. *O'Neill-Adams Co.* v. *Eklund*, 89 Conn. 232. See *Collerd* v. *Tully*, 8 Buch. 557, 558, *Tripp* v. *National Shawmut Bank*, 263 Mass. 505, 513. Williston on Sales, (2d ed.) § 1 (3), note 3. We adopt this view.

It cannot rightly be said on this record that the rescission was not sufficiently prompt or that notification thereof was not within a reasonable time. G. L. c. 106, § 58 (3). There is no contention that the rescission by the plaintiff was accepted by the defendant. The evidence is that the return of the motor vehicle was refused by the defendant. Hence all rights in the motor vehicle revested in the defendant as seller, G. L. c. 106, § 58 (5), and the plaintiff ceased to be liable for the price. G. L. c. 106, § 58 (4). There is no finding that there was any use of the car by the plaintiff after knowing of the fraud and before notice of the rescission. The implication of the finding is to the contrary. It is only such use of the car that prevents rescission. *Graham* v. *Hatch Storage Battery Co.* 186 Mass. 226. The rescission having been made within a reasonable time, it was complete and the plaintiff, in view of the refusal of the defendant to accept the offered return, was holding the motor vehicle "as bailee for the seller." G. L. c. 106, § 58 (5). The plaintiff's rights had become fixed under G. L. c. 106, § 58 (1) (d) and he could recover as there provided "the price or any part thereof which has been paid."

The defendant's ninth request for ruling was denied rightly.

In these circumstances, it is plain that request 8 was refused rightly. It was not pertinent to the fact found by the trial judge that "the plaintiff rescinded as soon as he knew of the fraud." Both rulings requested were too broad.

The defendant also contends that its evidence of a sale for $250 of the car turned in was improperly excluded. If we assume that evidence of a sale for a price less than the price agreed in the contract was admissible when offered by the conditional vendor in a suit, after rescission, to recover what has been paid, which we do not decide, the defendant did

not go far enough. There was no offer to show the circumstances of the sale. We cannot say that the refusal to admit the evidence was error.

We have dealt with the matters argued. Error is not made out.

*Order dismissing report affirmed.*