[Civil No. 2908. Filed June 7, 1930.]

[288 Pac. 666.]

OLD PUEBLO MOTORS, INC., Appellant, v. YSIAS ABARCA, Appellee.

Mr. John W. Ross, for Appellant.

Mr. Wm. J. Fellows, for Appellee.

LOCKWOOD, C. J.—On the twenty-third day of December, 1927, Ysias Abarca, hereinafter called plaintiff, purchased from Meyer Motors, Inc., a certain Essex sedan for the sum of $882, part of the price being paid down and the balance to be paid in monthly payments of $46 each. A conditional sales contract in the usual form was duly executed between the parties. Plaintiff made the monthly payments regularly up to and including the 17th of January, 1929, at which time he had fully paid for the car and was given a receipt therefor. Shortly after entering

into the contract, Meyer Motors transferred their interest in it to the General Motors Acceptance Corporation, and thereafter was succeeded in interest by Old Pueblo Motors, Inc., hereinafter called defendant. In August, 1928, defendant was informed the car was claimed by Fidelity & Deposit Company, hereinafter called the Company, but plaintiff was not notified of that fact, and no action was taken either by defendant or the Company until the seventh day of December, 1928, when the latter brought suit in replevin against plaintiff to recover possession of the automobile, alleging it was the owner of the car and that Meyer Motors had no title thereto at the time of its sale to the plaintiff. Plaintiff immediately went to defendant, telling it that the car had been taken from his possession under the writ of replevin, and demanding protection. Defendant's manager took plaintiff and his daughter to the former's attorney, and plaintiff was advised that, if he would sign a redelivery bond, the car would be returned to him. This he refused to do. Later he consulted counsel of his own in company with defendant's attorney, and the latter offered to indemnify plaintiff on the redelivery bond if he would execute it, but plaintiff still refused. Thereafter, and during the pendency of the Company's suit, defendant made various efforts to effect a settlement of the matter, and indicated its willingness to assist in the defense of the suit. One of plaintiff's attorneys agreed that when the case was called for trial defendant's attorney might assist therein, but no further definite action was taken until the 2d of February, when the latter was advised that the matter would come up for hearing that day. It does not appear from the record whether he attempted to assist in the trial or not. At all events, defendant did not attempt to intervene in the action or file any pleadings. No evidence was introduced in the replevin suit by either plaintiff or defendant in

this case, and judgment was rendered in favor of the Company on the pleadings and testimony offered by it. Thereafter plaintiff brought this action, setting up the sale, his loss of the car, and damages as follows: For the amount paid on the car, together with improvements made thereon, amounting together to $900; for $50 attorney's fee in defense of the suit brought by the company; for $33.10 costs in said suit; and for $680 for damages to his business by reason of the loss of the car. The matter was tried to the court and a jury. At the trial, in addition to the matters above set forth, plaintiff testified in regard to his loss of business and as to the other items of damages alleged, while evidence was offered by defendant that the actual value of the car at the time of taking was about $475. It also appeared that the company claimed ownership of the car by reason of a conditional sales contract made and recorded in California, but never recorded in Arizona, although it knew that the car was in Arizona as far back, at least, as August, 1928.

At the close of the evidence, defendant moved for an instructed verdict, but the court denied the motion and of its own instance instructed the jury to return a verdict for the plaintiff, leaving the only issue open to them the amount of the damages. The only instruction given as to the measure of damages was as follows:

"You have heard the testimony of the defendant, or the defense, rather. . . . You have a right to consider that and to determine whether or not that is the true measure of damages. You also have a right to consider the testimony of the plaintiff and determine in your minds whether the testimony of the plaintiff is the true measure of what you say he is damaged, or, in other words, the question of the measure of damages that this plaintiff received is a question entirely for the jury and not for the court, and

you have heard the testimony and it will be your duty to arrive at a verdict if you can do so.''

After the usual motion for new trial had been overruled, defendant brought the case before us for review.

There are three assignments of error which raise, in effect, two questions of law. The first is as to whether or not the judgment in the replevin suit was *res judicata* as against the defendant in this action; and the second is as to whether the instructions given by the court as to the measure of damages were correct.

Under the law of Arizona, unless it is expressly provided in the contract to the contrary, there is an implied warranty upon the sale of goods that the seller has the right to sell the same, and that the goods shall be free from any charge or encumbrance in favor of a third person. In other words, there is an implied warranty of title. Section 2817, Rev. Code 1928. This applies to conditional sales as well as to any others, and the seller is liable to the buyer for the breach of all warranties, express or implied, made in the contract, whether the property in the goods has passed to the buyer or not. Section 2889, Rev. Code 1928. The measure of damages for breach of warranty is the loss directly and naturally resulting in the ordinary course of events from the breach of warranty, and special damages may be recovered in accordance with the general rules of law. Section 2885, Rev. Code 1928.

In order to recover for breach of a warranty of title, there must be an eviction of the buyer, actual or constructive, such as a recovery of judgment by one having an adverse title. 35 Cyc. 417. In this case there is no dispute as to the legal eviction. It is, however, also required that, before the buyer can recover damages from the seller in cases like this, the latter must be given an opportunity to defend the title; and, un-

less this opportunity is properly given in the prior suit, he is not bound by the judgment against the purchaser therein, and may defend in the action on the warranty by showing that the eviction was not by title paramount. Freeman on Judgments, 6th ed., 984, 1001. It is quite generally held that notice must be given to the warrantor of the pendency of the suit, but, as to whether or not there must be an express request or demand to defend, the cases are in conflict. It is urged by defendant that the entire evidence shows conclusively that not only it was not requested to defend in the action, but was prevented from doing so. We are of the opinion that under the facts of this case, when plaintiff first notified defendant's manager, Hayes, of the condition of affairs, the terms of the notice were equivalent to a demand to defend. The first suggestion made by defendant was that plaintiff execute a redelivery bond. This he was not required to do, and a refusal was in no way a waiver of his right against defendant, nor was he required to execute such a bond even on a promise that he would be indemnified in so doing. A redelivery bond signed by him would expose him to the risk of loss thereon, and, even though he might ultimately recover that loss from the defendant, the law does not demand that, as a condition precedent to recovery on the warranty, he must expose himself to additional liability. But it is claimed that even thereafter he refused to permit defendant to assist in the defense of the suit. The evidence shows that plaintiff's attorney told defendant that when the suit came to trial it might assist, and later, on the day of the trial, it was notified of that fact. It does not appear that any objection was made on the ground of the shortness of notice, nor is there anything to indicate that defendant suggested to plaintiff any defense which could be made in the action or attempted to induce plaintiff to present one. Its only suggestion, so far as the record

shows, was that plaintiff do something he was not required by law to do, to wit, to execute a redelivery bond. The defense to the title upon which plaintiff relies in the present case, so far as the record shows, was never suggested to plaintiff by defendant or anyone else. Under the evidence, we cannot say as a matter of law that defendant was not given full opportunity of presenting any defense which it might have had to the adverse claim of title. There was no error in refusing to instruct a verdict in favor of defendant. On the other hand, we cannot say as a matter of law that defendant was given full opportunity to defend in the replevin suit. We think that on this issue the court should have submitted the matter to the jury under proper instructions as to the law. It is necessary that the case be reversed and remanded for a new trial, and we need not pass upon the second assignment of error in regard to the measure of damages further than to say that it would probably be better if on a retrial the court would go more fully into the elements of damage than it did.

The judgment of the superior court of Pima county is reversed, and the case remanded for a new trial.

McALISTER and ROSS, JJ., concur.