GANGER, INC., Plaintiff, *v.* ELIZABETH ANGELI, Doing Business as CHEZ MARIE, and Others, Defendants.

City Court of New York, New York County, October 31, 1935.

*Hirsch & Islon,* for the plaintiff.

*Ralph J. Leibenderfer,* for the defendants.

LA FETRA, Ch. J.   On or about March 15, 1935, plaintiff and defendant entered into an agreement whereby defendant purchased from plaintiff certain chattels to be manufactured by plaintiff. These chattels consisted of three separate and distinct items, all of which were generally described in the contract.   The first item was two tables at a unit price of thirty-two dollars and ten cents; the second, two tables at a unit price of fourteen dollars and seventy-five cents, and the third, six stools at a unit price of seven dollars and fifty cents, making a total, including sales tax, of one hundred and fifty-six dollars and fifty-two cents.   The contract provided that

title to the chattels should remain in plaintiff until the full purchase price was paid, as provided in the agreement, under which the terms were specified as net cash. The defendants paid to plaintiff fifty dollars upon the execution of the contract.

It does not appear from the contract whether or not the tops of the tables described in the first item thereof were to be round or square. To determine the intention of the parties in this respect, evidence was permitted to be introduced on this point, from which evidence it appeared that the tables were to be round-topped.

On April 11, 1935, plaintiff delivered certain chattels to the defendant in purported compliance with the aforesaid agreement. Upon inspection defendant found that items 2 and 3 were as ordered but that the tables specified in item 1 instead of having round had square tops, whereupon she accepted items 2 and 3 but refused item 1, and subsequently tendered to plaintiff the balance of the purchase price of the said two items delivered and accepted.

I find that the tables ordered by defendant in item 1 were to be round and not square-topped and that the tables delivered by plaintiff to defendant did not meet the contract requirements. Consequently, defendant was justified in refusing to accept delivery of same.

Plaintiff thereafter brought this action of replevin, to reclaim from defendant the chattels so delivered and accepted by defendant, its contention being that under the provisions of its agreement with defendant reserving title in plaintiff until the full purchase price was paid it retained title to the chattels delivered and that payment and tender of the purchase price of the items so retained could not cause a transfer of same to defendant.

The contract is one of conditional sale, even though at the time the contract was made the property was not *in esse* but was to be manufactured. (*Breakstone* v. *Buffalo Foundry & Machine Co.*, 167 App. Div. 62.) Such a conditional sale falls within the purview of the Sales Act. (*Peuser* v. *Marsh*, 218 N. Y. 505.) Replevin is strictly a possessory action (*Roach* v. *Curtis*, 191 N. Y. 387), and the right to possession in a case like this is dependent on the question of whether or not title to the chattels passed to defendant. To determine this question, recourse must, therefore, be had to the Sales Act. Under section 125 of the Personal Property Law the defendant, at the time of the delivery of the chattels by plaintiff, was entitled to accept such of the chattels as were in accordance with her order and reject the balance, or reject the entire shipment. Here she chose the former alternative and title to the chattels accepted passed to her upon her payment or tender to plaintiff of the purchase price.

I find, therefore, that title to, and the consequent right to possession of, the chattels here sought to be replevied is in the defendant, and direct judgment in her favor and against plaintiff on the merits. Execution is to be stayed until five days after notice of entry of judgment.