Pettingell, J.
Action of contract in which the plaintiff seeks to rescind a contract of conditional sale covering an automobile. There was a finding for the plaintiff. The report states that it contains all the evidence material to the questions reported.
The defendant filed twenty-four requests for rulings of which the trial judge denied eight. In its brief and at the oral argument, the defendant specified three requests as those whose denial constitutes the error upon which it relies in this appeal. We treat the others as waived. Those relied on are the following:
1. Upon all the evidence, the Court should find for the defendant.
2. Upon all the evidence and the law,, the Court should find for the defendant.
*179 13. Where buyer uses goods sold ever since the sale was made, and made no offer to return them, he could not rescind, but was chargeable, with the purchase price.
The evidence warranted a finding that the plaintiff and the defendant entered into a written agreement for the sale to the plaintiff by the defendant of a “new” automobile and that the automobile delivered to the plaintiff was one which was not “new” in the sense that it had not been previously used, but one which had been used as a demonstrating car by salesmen and was somewhat the worse for wear.
The defendant’s main contention at this time is that the plaintiff, after his offer of the return of the car had been summarily refused by the defendant, continued to make use, “right along” of the car and had driven it in to the Court House the day of the trial. Such use the defendant contends, prevents a successful rescission of the contract on the authority of Graham v. Hatch Storage Battery Co., 186 Mass. 226, at 230, 231; see, also, Levin v. Hornblower, Mass. Adv. Sh. (1937) 1433, at 1434.
The defendant relies on its 13th request as raising this issue but that request is so worded as, on its face, to put the emphasis on the absence of an offer to return the goods. The trial judge found as fact that there was an offer to return which the defendant refused to accept. He then went on to find that “While the plaintiff has used the automobile ... I find that his use of it was reasonable and was contemplated .by the parties at the time the contract was entered into and the automobile was delivered to him.”
It is apparent from the foregoing that although the defendant’s thirteenth request, in form, did not adequately raise the issue upon which the defendant now relies, it raised it in part to such an extent that the trial judge had in mind the use of the automobile by the plaintiff as a possible bar to the plaintiff’s action. If he had disposed of *180 the request by a denial qualified upon his finding that there was an offer to return, it would then appear that what he had in his mind was only the existence of an offer to return. His finding that the use was reasonable and what was contemplated by the parties was in effect a ruling that the continued use of the car, after the attempted return, in the manner originally contemplated by the contract, was in no way a defence to the action. This we regard as showing both-that he had in mind the issue that the defendant now raises, and that he applied the wrong law to the facts which he had found.
When the contract was made and the car delivered, the parties contemplated the use of the car by the plaintiff during the life of the contract as a natural incident of the contract. The attempted rescission by the plaintiff, however, changed all that. If the contract was actually rescinded it could not after rescission justify the further use of the car. If the rescission was successful, the car from that time on was the defendant’s.
“When they rejected it they became subject to the general rule that he who seeks to reject an article as not in accordance with the contract must, after he discovers its true condition, do nothing inconsistent with the vendor’s ownership of the property. ’ ’
Graham v. Hatch Storage Battery Co., 186 Mass. 226, at 230.
In the case just quoted the continued use of the battery was held to constitute “an abandonment of the right of rejection.”
In the case at bar, there was a finding for the plaintiff in the full amount of the contract price. This is inequitable, f or if the finding stands, the plaintiff not only gets back the entire contract price but gets also the free use of the defendant’s ear from the date of the contract down to the present time.
*181 Although we have some doubt whether the defendant’s 13th request properly raises the issue discussed, we feel that a proper application of the law to the facts found by the trial judge required him to find for the defendant and that the defendant was entitled to have given the first ruling requested. Under Rule 27, District Court Buies (1932), the defendant is not entitled “as of right” to a review of the denial of this ruling. We consider the case of sufficient importance, howevér, to require the Appellate Division in its discretion, to make such a review. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 325; McKenna v. Andreassi, Mass. Adv. Sh. (1935) 2219, at 2220, 2221; Simpson v. Eastern Massachusetts St. Ry. Co., Mass. Adv. Sh. (1935) 2607, at 2609; Magrath v. Sheehan, Mass. Adv. Sh. (1935) 2447, at 2449, 2450; List Finance Corp. v. Sherry, Mass. Adv. Sh. (1937) 1581, at 1582, 1583.
There is nothing in Gottman v. Jeffrey-Nichols Co., 268 Mass. 10, at 13, which is inconsistent with what is here set forth. We regard it as confirming our position.
Although, upon the particular facts of the case, there was prejudicial error in the denial of the defendant’s first requested ruling, the trial judge warrantably found that the defendant had broken the contract of sale entered into by it with the plaintiff. It is therefore apparent that if the action had been on the contract instead of in avoidance of it, the evidence would have required the trial judge to find for the plaintiff. Under these circumstances the plaintiff may, within ten days from the receipt of notice of the decision and order, amend his pleadings so as to conform with the facts already found by the trial judge; if this is done, the finding for the plaintiff is to be vacated and the case is to stand for a new trial limited to the assessment of damages only; otherwise, the finding for the plaintiff is to be vacated and judgment entered for the defendant.