PULLEN, Appellant, v. JOHNSON, Respondent

(290 N. W. 488.)

(File No. 8242. Opinion filed March 5, 1940.)

Rehearing Denied April 9, 1940

174

**Whiting & Wilson,** of Rapid City, for Appellant.
**M. Q. Sharpe,** of Kennebec, for Respondent.

RUDOLPH, J. In the month of April, 1936, the plaintiff and defendant entered into a conditional sales contract whereby plaintiff agreed to sell and defendant to buy certain air conditioning equipment to be installed by plaintiff in defendant's theater. The contract provided for an initial payment, and thereafter certain monthly payments, with the express provision that "title to said property shall not pass

to the purchaser until said amount is fully paid in cash." In addition the plaintiff, Black Hills Radio Dealer, agreed in writing, "We the Black Hills Radio Dealer guarantee the above listed equipment to cool the theatre ten degrees below normal room temperature existing at the time." The equipment was installed in the theater by the plaintiff and failed to function, at least to the extent that it was necessary for plaintiff to make certain repairs during the summer months. Defendant insisted during this time that the equipment failed to cool the theater as guaranteed by plaintiff. Defendant made no substantial payments after the installation of the equipment and, in the spring of 1937, plaintiff brought this action to recover the full purchase price under an acceleration clause contained in the contract after discovering, as he claims, that the equipment was not properly drained in the winter which caused the water in the coils to freeze and resulted in considerable damage to the unit.

As a defense to this action brought by plaintiff, defendant among other pleaded defenses alleged that the plaintiff had failed to furnish goods in accordance with his express guaranty or warranty. We quote from defendant's answer: "* * * specifically denies that portion of said paragraph four which alleges that the plaintiff has duly performed all the conditions of said contract on his part, and in this connection alleges the fact to be that the said air conditioning equipment was so defective in its construction and installation by plaintiff that it has wholly failed to cool the said theatre ten degrees below normal room temperature existing at the time or at any time it has been in operation in said theatre, although plaintiff during the entire summer of 1936 attempted to adjust and repair the said equipment so that it would operate successfully, but wholly failed to make it work properly, or in accordance with the agreement."

At the trial defendant sought to introduce evidence concerning the failure of the equipment to comply with the agreement and cool the theater in accordance with its terms. The plaintiff objected, as follows: "Plaintiff objects to this question, or any other question which attempts to elicit from this witness, or any witness, evidence as to

breach of warranty, for the reason that there are no proper allegations of breach in the answer; there is no proper measure of damage set out in the answer of the defendant from which the jury can arrive at any damage for breach of warranty. We further object to any evidence which attempts to elicit testimony relative to breach of any implied warranty, for the reason that a specific written warranty is alleged in the pleading; therefore, no evidence of an implied warranty is admissible. For the further reason that the answer does not properly allege either a counterclaim for damages for breach of warranty nor a rescission of the contract, or any legal defense to the complaint."

This objection was overruled by the court and evidence was received in support of defendant's alleged defense, which evidence, if believed by the jury, was sufficient to support a finding that the equipment was in fact defective and failed to perform in accordance with the agreement.

At the close of plaintiff's case and again at the close of all the evidence, the plaintiff. made a motion for a directed verdict, which motion the court denied. The motion was as follows: "At this time, the defendant having rested, the plaintiff moves the Court for a directed verdict, for the reason and upon the ground that the undisputed evidence shows that the plaintiff sold the equipment in question under the terms of a written contract, upon which there remained a balance due and unpaid, as alleged in the plaintiff's complaint, and that the defendant has failed to offer any legal evidence to show a breach of warranty, as alleged in defendant's answer; for the further reason that the only defense alleged in defendant's answer is that of breach of an express warranty to the effect that the equipment in question would reduce the temperature of the defendant's theatre ten degrees below normal room temperature; that the defendant has failed to offer any evidence to establish what normal room temperature would be, or any evidence to establish that the equipment in question has failed to reduce the temperature of the defendant's theatre ten degrees below normal room temperature; for the further reason that no measure of damages or amount of damages is

pleaded, and that no evidence has been offered to establish the amount of the defendant's damages for breach of warranty, if any, nor has any amount of the defendant's damages, if any, been pleaded."

The court in its instructions to the jury gave instructions No. 3, 4, and 5, which is the only portion of the court's instructions set out in appellant's brief. These instructions were excepted to by the appellant. We quote the instructions and the exceptions thereto:

"Court's Instruction No. 3.

"You are instructed, gentlemen of the jury, that the contract admitted in evidence as Exhibit '1' and upon which the plaintiff is suing, is what is called a Conditional Sale Contract, which is defined by our statute as 'Any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price.' The contract in suit expressly provides that the title to said property shall not pass to the purchaser until the purchase price is fully paid in cash. That makes it a conditional sale contract.

"You are further instructed that the guaranty set forth in the defendant's answer, and admitted in evidence as Exhibit 'A' is an express warranty to be performed by the plaintiff, and is a part of the contract involved in this lawsuit.

"Court's Instruction No. 4.

"You are further instructed that under the uniform sales statute of this state, where the property in the goods has not passed from the seller to the buyer, the buyer may treat the fulfillment by the seller of his obligation to furnish goods as warranted expressly in his contract to sell, as a condition of the obligation of the buyer to perform his promise to accept and pay for the goods.

"In other words, gentlemen, although the plaintiff in this action, as seller, has the right under his conditional sale contract, in which the plaintiff retains title to the property, to forego his remedies under the conditional sales law and sue for the full purchase price in case of default in the pay-

ments specified, the buyer, the defendant in this action, nevertheless has the right to rely upon the performance by the seller of the express warranty and can require such performance before he can be compelled to accept the equipment and make the payments specified.

"Court's Instruction No. 5.

"Under the law and the facts in this case, there is but one major issue of fact for your determination, viz: Was there a breach of the express warranty heretofore mentioned and referred to as a guaranty on the part of the plaintiff?

"Plaintiff excepts to Court's Instruction No. 3 upon the ground and for the reason that the fact that the contract of sale is what is known as a conditional sale contract has no bearing in this case, the plaintiff having elected to waive his security and sue for the amount of the unpaid balance.

"Plaintiff excepts to Court's Instruction No. 4, upon the ground and for the reason that the provisions of the Uniform Sales statute referred to has no application to the case of a sale under conditional sale contract, where the plaintiff has elected to waive his security and sue upon the indebtedness. For the further reason that the part of said Instruction which reads as follows: 'In other words, gentlemen, although the plaintiff in this action, as seller, has the right under his conditional sales contract, in which the plaintiff retains title to the property, to forego his remedies under the conditional sale law and sue for the full purchase price in case of default in the payments specified, the buyer, the defendant in this action, nevertheless has the right to rely upon the performance by the seller of the express warranty, and can require such performance before he can be compelled to accept the equipment and make the payments specified,' is an incorrect statement of the law, in that the title to property sold under conditional sale contract passes to the buyer at the time of the sale for all purposes except that of security to the seller for the purchase price, and that the buyer, in the purview of the law, accepts the article sold under conditional sale contract at the time of the sale and the making of the first payment, and can therefore only set up a breach of warranty by way of counterclaim in diminu-

tion or extinction of the plaintiff's damages, unless the buyer rescinds the contract upon the discovery of the breach of the warranty and turns the article purchased under the contract back to the seller.

"Plaintiff excepts to Court's Instruction No. 5, upon the ground and for the reason that there is no question of breach of warranty to be submitted to the jury in this case, for the reason that defendant has failed to properly plead a breach of warranty and has failed to prove a breach of warranty or any damages therefor; for the further reason that the defendant failed to plead or prove a rescission of the contract of purchase; and further excepts to said instruction for all the reasons set out in plaintiff's exception to Court's Instruction No. 4."

The assignments of error upon which appellant relies relate to the rulings of the court, first, in overruling the objection to the evidence above set out; second, to the denial of the motion for a directed verdict; and third, to the instructions Nos. 3, 4, and 5 given by the court which were excepted to by the plaintiff. The jury returned a verdict for the defendant and plaintiff has appealed.

■■ We have set out the above record made in the trial court at length for the reason that there appears to be considerable confusion in the briefs of both appellant and respondent as to the issues before this court upon this appeal. Under the record as made, we think it clear that there are at the most two issues presented. First, was there sufficient evidence upon which the jury might find a breach of the express warranty made by plaintiff? This question is presented in the motion for a directed verdict. We have reviewed the evidence and are satisfied that it is amply sufficient to sustain the jury's finding of the breach of warranty. Quite clearly, we think, the record does not present any question as to the acceptance of the equipment by the defendant, or any question relating to the waiver of the express warranty by the defendant. There is but one other question presented by this record, which question is presented by the objection to the evidence, the motion for the directed verdict, and the exceptions to the instructions.

That question is, may the defendant in an action brought by the plaintiff to recover the price of goods sold under a conditional sales contract, where the plaintiff has elected to forego his remedy under the conditional sales laws and sue for the full purchase price, set up, as a defense against the price, the failure of the plaintiff to comply with an express warranty made regarding the goods? We are of the opinion that such a defense is proper under the express provisions of our law.

SDC 54.0111 (2) provides: "Where the property in the goods has not passed, the buyer may treat the fulfillment by the seller of his obligation to furnish goods as described and as warranted expressly or by implication in the contract to sell as a condition of the obligation of the buyer to perform his promise to accept and pay for the goods."

This provision of our law is subdivision 2 of Section 11 of the Uniform Sales Act and came into our law in 1921 as Section 11 of Chapter 355, Laws of 1921. Appellant contends that this statute does not apply to a conditional sale and for that reason has no application so far as the facts in this case are concerned. Appellant contends that, so far as the facts here are concerned, the property in the goods had passed. In support of this contention the appellant argues that the plaintiff under the conditional sales contract had retained title to the goods for the purpose of security only, and that all of the beneficial use and title to the goods was vested in the defendant upon the execution of the conditional sales contract. However, in construing this statute we do not believe that this contention of the appellant is controlling. By the express terms of the contract, the title to the goods did remain in the plaintiff and, if the defendant did acquire any property right in the goods, this right at the most is in the nature of a special or equitable property right. Williston on Sales, Second Edition, Section 284.

The Uniform Sales Act, Section 76, which finds expression in our code as SDC 54.0175, defines the term "property" as used in the act, as follows: "'Property' means the general property in goods, and not merely a special property."

Reading this definition into SDC 54.0111 (2), that section would read: "Where the general property in the goods has not passed," etc.

Quite obviously it seems to us that the general property in the goods described in this contract had not passed to the defendant. The contract is set forth in the record as Exhibit A and entitled "Conditional Sales Contract." This contract does in fact provide for a conditional sale which is defined by our code in SDC 54.0201, as follows: "Any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price, * * *."

So, in addition, it would appear that by giving effect to this statutory definition of the transaction here involved the "property in the goods" had not passed to the defendant. Dean Bogert in his commentaries on Conditional Sales, commenting on this statutory definition, states: "If the buyer is to have possession and property in the goods also, the transaction cannot properly be called a technical 'conditional sale', * * *. The passage of the property in the goods to the buyer is always subject to the performance or happening of some condition precedent."

We think it clear, therefore, that the "property in the goods" had not passed, and that the defendant under the provisions of SDC 54.0111 (2) could treat the fulfillment of the express warranty made by plaintiff as a condition to his obligation to accept and pay for the goods.

Appellant further asserts that the said Subdivision 2 is not applicable in this present situation because it refers to a "contract to sell" and the transaction here involved is not a contract to sell but is in essence a sale. It might be that there is some controversy concerning whether, under certain circumstances, a conditional sale should be classified as a sale or a contract to sell, but, referring again to the statutory definition of terms, we find in SDC 54.0101 the provision: "A contract to sell goods is a contract whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price."

In SDC 54.0201, quoted above, a conditional sale is referred to as any contract for the sale of goods. Under these two definitions it would seem to us that it would be a distortion of the plain language of these statutes to hold that the transaction here involved does not constitute a contract to sell within the meaning of the said SDC 54.0111 (2).

Although not directly in point, insofar as the record and the facts are concerned, the reasoning in the cases of Vapor Vacuum Heating Co. v. Kaltenbach & Stephens, Inc., 94 N.J.L. 450, 111 A. 171, and Brought v. Redewill Music Co., 17 Ariz. 393, 153 P. 285, supports the conclusion we have herein reached.

■ Under the record as made we are satisfied that the holding herein disposes of the entire case. Under this holding the defendant was entitled under the provisions of SDC 54.0111 (2) to treat the fulfillment by the plaintiff of his obligation to furnish goods as described and as warranted, as a condition to his (defendant's) obligation to accept and pay for the goods; the property in the goods not having passed, it was not incumbent upon the defendant to avail himself of the remedy of rescission or counterclaim for damages for the breach of warranty. The record as made presents no question upon this appeal of whether defendant had waived either expressly or by his acceptance of the goods, the condition which he was entitled to assert as a defense under the said Subdivision 2.

The judgment and order appealed from are affirmed.

All the Judges concur.