GENERAL ELECTRIC CONTRACTS CORP., Appellant, v.
HEIMSTRA, Respondent

(6 N. W.2d 445.)

(File No. 8580.  Opinion filed November 28, 1942.)

**Claude A. Bennett,** of Canton, and **Stilwill, Brackney &
Stilwill,** of Sioux City, Iowa, for Appellant.

**Andrew S. Bogue,** of Parker, and **Danforth & Danforth,**
of Sioux Falls, for Respondent.

RUDOLPH, P.J.  The appellant commenced this action
seeking to recover upon promissory notes executed by re-
spondent in payment of certain equipment described in the
evidence as a cooler and display case which respondent had
purchased under a conditional sales contract.  This property
was sold to respondent by the General Refrigeration Com-
pany, a co-partnership composed of W. J. Dunkleberger and
N. Cohen, who were named as payees in the notes.  The
conditional sales contract and the notes were subsequently

assigned to the appellant. By his answer the respondent admitted the execution of the contract and notes and alleged a breach of an implied warranty based upon the theory that the buyer had made known to the seller the particular purpose for which the goods were purchased, that he relied upon the seller's skill or judgment and that the goods purchased were not reasonably fit for the purpose for which they were required, and claimed damages in an amount which offset the balance due on the notes. Judgment was rendered in favor of the respondent.

But two questions are presented by this record. The first is whether SDC 54.0115(1) relates to a conditional sale and the second is whether the defense of breach of an implied warranty might be urged against these appellants who were not the original sellers of the property but who acquired the seller's rights under an assignment of the contract and the notes.

SDC 54.0115(1) provides: "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

It is appellant's contention that this provision of our code being found in the chapter entitled "Uniform Sales Law" is not applicable to a conditional sale. This court was confronted with a similar contention made with regard to SDC 54.0111(2) in the case of Pullen v. Johnson, 67 S. D. 173, 290 N. W. 488, 130 A. L. R. 747, and held adversely to the position that appellant now takes before this court. We are convinced that the result reached in the Pullen-Johnson case is sound and when applied to the contention of the appellant in this case, requires a ruling adverse to appellant's contention.

In addition to the rule announced in the Pullen-Johnson case we submit the following: SDC 54.0202, a provision of the chapter in our code entitled "Uniform Conditional

Sales Law", expressly recognizes that a conditional sale may be subject to an implied warranty wherein it provides: "* * * The seller shall be liable to the buyer for the breach of all promises and warranties, express or implied, made in the conditional sale contract, whether or not the property in the goods has passed to the buyer."

Under the commissioner's note with reference to the above-quoted portion of the conditional sales law, there is found the following in Vol. 2 of the Uniform Laws Annotated, § 2, Conditional Sales: "The remedies which are common to all buyers of goods, whether the contract be conditional or unconditional, are left to the Uniform Sales Act or to the prevailing common law."

The Arizona court in the case of Old Pueblo Motors, Inc., v. Abarca, 37 Ariz. 29, 288 P. 666, 667, was confronted with a contention identical to that here made except that it applied to the implied warranty of title found in SDC 54.0113. The legislature of Arizona had adopted both the Uniform Conditional Sales Act and the Uniform Sales Act prior to this decision wherein the Arizona court held: "Under the law of Arizona, unless it is expressly provided in the contract to the contrary, there is an implied warranty upon the sale of goods that the seller has the right to sell the same, and that the goods shall be free from any charge or incumbrance in favor of a third person. In other words, there is an implied warranty of title. Section 2817, Revised Code of 1928. [SDC 54.0113] This applies to conditional sales as well as to any others, and the seller is liable to the buyer for the breach of all warranties, express or implied, made in the contract, whether the property in the goods has passed to the buyer or not. Section 2889, Revised Code of 1928. [SDC 54.0202]"

And it has been generally held that the sales act applies to contracts of conditional sale such as is involved in this case. 1 Williston On Sales, 2d Ed., Sec. 1, Note; Peuser v. Marsh, 218 N. Y. 505, 113 N. E. 494, Ann. Cas. 1918B, 913; O'Neill-Adams Co. v. Eklund, 89 Conn. 232, 93 A. 524, Ann. Cas. 1918D, 379; Dinsmore v. Maag-Wahmann Co., 122 Md.

177, 89 A. 399, Ann. Cas. 1916A, 1270; Gottsman v. Jeffrey-Nichols Co., 268 Mass. 10, 167 N. E. 229.

The second question presented by appellant is answered by the definition of the term "seller" as found in SDC 54.0201 as follows: " 'Seller' means the person who sells or leases the goods covered by the conditional sale, or any legal successor in interest of such person."

This definition of the term "seller" read in connection with the following section, SDC 54.0202 above quoted, which provides that the seller shall be liable for the breach of an implied warranty whether or not the property in the goods has passed to the buyer, subjects the appellant, which is the legal successor in interest of the person who sold the goods, to the defense of a breach of implied warranty.

The judgment appealed from is affirmed.

All the Judges concur.