Harris, J.
The petitioner-respondent is the landlord of certain real property in the city of Syracuse, New York, and the appellant is the tenant in such premises. By written lease dated July 24, 1945, the appellant and the respondent herein entered into the relationship of landlord and tenant of such premises for a term of two years from August 1, 1945, to July 31, 1947; under such lease the tenant-appellant entered into possession of the premises and is still therein. The lease contained a provision “ that in the event of any default in the payment of said rent the lease, and the estate thereby granted, shall forthwith upon written notice from the landlord cease and terminate, and the landlord shall have the right to enter and repossess said premises by force, summary or dispossess proceedings, or otherwise, and to dispossess and remove therefrom any and all occupants and their effects without being-liable to.prosecution or damages therefor, and to hold the said premises as if this lease had ceased by expiration through maturity of the term therein specified.” The parties to this proceeding apparently regarded this provision .as a conditional *547 limitation and we pass upon the questions involved in this appeal in that light. (See Burnee Corp. v. Dneeda Pure Orange Drink Co., Inc., 132 Misc. 435; Waitt Construction Co., Inc., v. Loraine, 109 Misc. 527, and cases therein cited; Riesenfeld, Inc., v. R-W Realty Co., Inc., 223 App. Div. 140.) If this provision is a conditional limitation, then in event of the failure to pay-rent and the service of notice to quit the lease terminated and the landlord became entitled to bring summary dispossess proceedings.
Claiming that the tenant had failed to pay the rents due March 1 and April 1, 1946, amounting to the sum of $400, the landlord on the 4th day of April, 1946, caused to be served on the tenant a notice to quit and of termination of the lease by reason of such default in payment of rent. The tenant did not quit, and so the landlord brought' this proceeding in the Municipal Court of the City of Syracuse for summary dispossession of the tenant from the premises on the ground that the tenant held over and continued in possession of the premises after the expiration of its term and without permission of ■ the landlord. After service of the precept and petition and on the return day, the tenant interposed an answer which contained several alleged “ defenses, offsets and counterclaims The landlord then moved before the Municipal Court of the City of Syracuse to strike out these alleged “ defenses, offsets and counterclaims ” on the ground that the same were insufficient in law to constitute defenses, offsets or counterclaims, and on the further ground that such alleged “ defenses, offsets and counterclaims ” were improper in this proceeding. After the argument of such motion, the judge of the Municipal Court granting the motion struck out such “ defenses, offsets and counterclaims ”. From such order the tenant appealed to the County Court of the County of Onondaga and that court affirmed the order from which appeal had been taken. The tenant has now appealed to this'Appellate Division from such determination of the Onondaga County Court.
The matter stricken from the answer may be divided as follows: (a) Several allegations setting up failure of the landlord to comply with certain covenants in the lease, in reference to possession or in reference to the furnishing of fittings for the premises and consequent damage to the tenant. The amount of such damage as alleged far exceeds the rent claimed to be due at the alleged termination of the lease by the landlord, (b) Negotiations and course of conduct between landlord and *548 tenant by which the landlord waived prompt payment of the rent on the rent day. (c) A partial eviction by the landlord, (d) The failure of the landlord to serve a notice of demand for the payment of the rent.
I As to the defense of partial eviction, it was conceded, on argument, by the tenant that as it had remained in possession of the premises such a defense would be of no avail in the proceeding. , As to the defense of a waiver of prompt payment of rent, which waiver would in all good reason require notice from the landlord that he desired his rent paid on time, there is presented to the court a more serious question. The allegations in the answer in this respect raise a question of fact, of which disposition should be made on trial; and this defense should be reinstated. (Montant v. Moore, 135 App. Div. 334.) i As to the allegations setting forth the defense of failure of the landlord to comply with certain provisions of the lease, which noncompliance led to damage to the tenant, there is presented to this court a question concerning which there has been no authoritative disposition by the courts of this State. That question is whether or not in a proceeding of this nature where the landlord has declared the lease terminated because of nonpayment of rent, the tenant may set up allegations and make proof to the effect that growing out of the lease and its violation by the landlord the tenant has become entitled to recover from the landlord an amount of damages at least equal to the rent claimed to be unpaid, and thus attack the validity and enforcibility of the notice to terminate the lease on account of nonpayment of rent. If the landlord had sued for the unpaid rent or had brought a proceeding for summary dispossess on the ground of nonpayment of rent, in either case the tenant could have interposed the defense of noncompliance with the provisions of the lease by the landlord. (Civ. Prac. Act, § 1425; 240 West 37th St. Co., Inc., v. Lippman, 241 App. Div. 529; Thomson Houston Electric Co. v. Durant Land Improvement Co., 144 N. Y. 34; Clark v. Newton, 140 Misc. 510; 3 Williston on Contracts, § 887F.) But this is neither a suit for rent nor a proceeding to dispossess for nonpayment of rent. However, in this proceeding the landlord to succeed must establish (1) the validity of the covenant giving the right to terminate; (2) the default in rent; (3) the service of a proper notice. Whether or not a proper notice was served, includes the establishing as a fact that rent is in default. The tenant in a summary dispossess proceeding may interpose legal or equitable defenses. (Civ. Prac. Act, § 1425.) Particularly to be borne in mind in *549 the case at bar, is that the law does not favor forfeiture. (Bishop v. Agricultural Ins. Co., 130 N. Y. 488.) If the tenant be permitted in this case to plead and prove damage as set forth in the allegations alleging failure by the landlord to perform certain covenants of the lease, then such damage as established would have material bearing on whether or not rent is owing to the landlord for the two months, on the failure to pay which the notice of termination was based. There is no sound reason why as a matter of equity, the tenant may not make such proof at least to the limit of extent of showing that the claims of the landlord for rent were wiped out by the claims of the tenant for damages. If this be so, then at the conclusion of the trial of the proceeding, a court would be justified in holding that at the time of the service of the notice of termination there was no default in the payment of rent. On such proof and such a result therefrom, the tenant would have established a bar and defense to the proceeding itself. Another good result often sought in the law, that is the avoidance of circuity of actions, would be attained by the entertainment of such defenses. (Peuser v. Marsh, 218 N. Y. 505.) This case of Peuser v. Marsh may also serve as an indication of the endeavor of the courts to avoid forfeitures when equitable defenses exist against forfeiture.
In regard to the defense of the failure of the landlord to serve demand for payment of defaulted rent, this not being a suit for rent or dispossess on account of nonpayment of rent (Civ. Prac. Act, § 1410, subd. 1) ordinarily such allegation would be stricken from the answer, but if the tenant be truthful in alleging the continued damaging violation of the lease by the landlord, then such a defense and the proof of such facts might be available equitably to the tenant. From the foregoing it is concluded that as equitable defenses the allegations stricken from the answer, except the one as to partial eviction, should be reinstated so as to be of avail tb the tenant on the trial of this proceeding.
The order of the Municipal Court and the affirmance thereof by the County Court should be reversed, with $10 costs and disbursements, and the motion to strike out defenses denied.
' All concur. Present — Taylob, P. J., Dowling, Haebis, McCtjen and Love, JJ.
Orders reversed on the law, with $10 costs and disbursements, and motion to strike out defenses denied, without costs.