(November 19, 1906.)

J. T. HARRISON et al., Appellants, v. RUSSELL & COM-
PANY, Respondent.

[87 Pac. 784.]

CONTRACT OF SALE—WARRANTY OF PROPERTY SOLD—TIME FOR TESTING MACHINERY—NOTICE OF DEFECTS—WAIVER.

1. Where the contract of sale of a threshing-machine contains a warranty that is limited and conditioned by the following provision: "Continued possession or use of machinery for six days

shall be conclusive evidence that the warranty is fulfilled to the full satisfaction of the undersigned, who agree thereafter to make no further claim on Russell & Company under warranty''; the ''possession'' therein mentioned is held to mean a possession coupled with a possibility or opportunity of using or testing the property for the uses and purposes to which it is to be applied.

2. A provision in a contract that: ''No promises, whether of agent, employee, or of attorney, in respect to the payments, and security, or the working of the machinery named, will be considered binding unless made in writing, ratified by the home or branch office,'' does not prevent the company's agent waiving written notice by going to the place where the machinery is being operated, and taking charge of the machinery and working on it with a view to putting it in a condition so that it will comply with the warranty.

3. The purpose of notice to the vendor of defects in the machinery under a contract of warranty such as in this case is to enable a vendor to send its agent or employee to the property and put it in running order and remedy defects, and when that purpose has once been served, and the agent or employee has actually gone and taken charge of the property and undertaken to put it in running order, the purpose of notice is served, and it becomes immaterial whether any notice has been given at all.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Latah County. Hon. Edgar C. Steele, Judge.

Action by plaintiffs for surrender and cancellation of certain promissory notes. Judgment for defendants and plaintiffs moved for a new trial, which was denied. Plaintiffs appealed from the judgment and order. *Reversed.*

S. S. Denning, for Appellants.

Conditions inserted in a contract, and involving forfeiture of a right of a recovery of damages for a breach thereof, must be strictly construed. (*Insurance Co. v. Earle*, 33 Mich. 151; *Massachusetts Loan etc. Trust Co. v. Welch*, 47 Minn. 183, 49 N. W. 740.)

It is provided in the contract that no promise, whether of agent, or employee, or attorney, in respect to the payment

or the working or guaranty, of the machine named, will be considered binding unless in writing and ratified by the home or branch office. Such provisions as this are uniformly considered to be limitations upon the capacity of the corporation for further action, which it cannot impose upon itself, and such provisions cannot operate to prevent waiver by the corporation of the conditions of the contract which would, except for the prohibition, legally result from the acts of its authorized agents with reference to the machinery. (*Nichols v. Shepard Co. v. Wiedemann,* 72 Minn. 344, 75 N. W. 208, 76 N. W. 41; *Massachusetts etc. Trust Co. v. Welch,* 47 Minn. 183, 49 N. W. 740; *Lamberton v. Connecticut Fire Ins. Co.,* 39 Minn. 129, 39 N. W. 76, 21 L. R. A. 222; *Flatt v. D. M. Osborne Co.,* 33 Minn. 98, 22 N. W. 440; *Davis v. Robinson,* 67 Iowa, 355. 25 N. W. 282; *Aultman & Taylor Co. v. Frazier,* 5 Kan. App. 202, 47 Pac. 157; *Viele v. Insurance Co.,* 26 Iowa, 9, 96 Am. Dec. 83; *Younge v. Insurance Co.,* 45 Iowa, 377, 24 Am. Rep. 784; *American Cent. Ins. Co. v. McCrea,* 8 Lea, 513, 41 Am. Rep. 647; *Van Bories v. Insurance Co.,* 8 Bush., 133; *Insurance Co. v. Gusdorf,* 43 Md. 506; *Insurance Co. v. Norton,* 96 U. S. 234, 24 L. ed. 689; *Stolle v. Insurance Co.,* 10 W. Va. 546, 27 Am. Rep. 593; *Carrugi v. Insurance Co.,* 40 Ga. 135. 2 Am. Rep. 567; *Wakefield v. Insurance Co.,* 50 Wis. 532, 7 N. W. 647; *Whited v. Insurance Co.,* 76 N. Y. 415, 32 Am. Rep. 330; *Morrison v. Insurance Co.,* 69 Tex. 353, 5 Am. St. Rep. 63, 6 S. W. Rep. 605.)

We were entitled to show the whole circumstances of the case, the capacity of the agents, the taking back of the machine and the making of the new contract, together with the whole circumstances connected therewith. (*Nichols & Shepard Co. v. Wiedemann,* 72 Minn. 244, 75 N. W. 208, 76 N. W. 41; *Massachusetts Loan & Trust Co. v. Welsh, supra; Flatt v. D. M. Osborne Co.,* 33 Minn. 98, 22 N. W. 440; *Davis v. Robinson,* 67 Iowa, 355, 25 N. W 280; *Baker v. Nichols & Shepard Co.* (leading case), 10 Okla. 685, 65 Pac. 100; *Aultman-Taylor Co. v. Frazier,* 5 Kan. App. 202, 47 Pac. 156; *Acker v. Kimme,* 37 Kan. 276; 15 Pac. 248.)

Forney & Moore, for Respondent.

The failure to give the stipulated notice is an acceptance of the machine and a waiver of damages for defects. (*Murphy v. Russell & Co.*, 8 Idaho, 133, 67 Pac. 421, and cases cited in the opinion.)

The case at bar is on all-fours with the Murphy case, unless it be that the present case is stronger against the appellants. There is no allegation in appellant's complaint that within six (6) days after taking possession of the property any notice whatever was given of any defects. · There is no allegation of the terms of the warranty in the contract of purchase, nor is there any allegation that the appellants complied with the contract of purchase in any particular.

AILSHIE, J.—The appellants commenced this action to have three certain promissory notes previously executed by them and delivered to the respondent surrendered and canceled, and for the recovery of the sum of $250 previously paid on the notes, and to recover the further sum of $106.30· for work and labor performed and supplies furnished respondent in connection with the transaction for which the notes were given. The respondent, defendant in the lower court, answered, denying the allegations of plaintiffs' alleged cause of action, and alleged that there was due and owing on the three several notes the sum of $1042.82, and prayed judgment for that sum, together with $100 attorney fees, interest and costs of the action. It appears that on the seventh day of August, 1900, the appellants executed and delivered to the respondent their three certain promissory notes for the purchase price of a thresher outfit, which they had purchased on the day previous ˙ from the defendant company. The company gave plaintiffs a contract warranting the property sold, which warranty is as follows: ''That the above articles are to be of the Russell & Co's manufacture, and warranted by them to be of good material, well made, and, with proper management, capable of doing as

good work as similar articles of other manufacturers. If said machinery, or any part thereof, shall fail to fill this warranty, written notice shall be given Russell & Co., Massillon, Ohio, and to the party through whom the machinery was purchased, stating wherein it fails to fill the warranty, and time, opportunity, and friendly assistance given to reach the machinery, and remedy the defects. If the defective machinery cannot then be made to fill the warranty, it shall be returned by the undersigned to the place where received, and another furnished on the same terms of warranty, or money and notes to the amount represented by the defective machinery shall be returned and no further claim be made on Russell & Co. Continued possession or use of the machinery for six (6) days shall be conclusive evidence that the warranty is fulfilled to the full·satisfaction of the undersigned, who agree thereafter to make no further claim on Russell & Co. under warranty." The Harrisons received the property from defendant's warehouse at Palouse City on the sixth day of August, and removed it thence to their premises, and on the eleventh day of August commenced to use and operate the machine. They do not claim to have given the defendant or its local agent any notice as to defects in the property within six days after receiving the property from their warehouse, but they do claim to have given the notices required in the warranty within six days after commencing to use the machine. As soon as the plaintiffs admitted to the trial court that no written notice had been given within six days after receiving the property, the judge informed their counsel that they had by that act waived the benefit of the warranty and that they could in no event hold the defendants under the warranty. Plaintiffs' counsel thereupon offered to prove that written notice had been sent to the company at Massillon, Ohio, on the fifth day after commencing to use the machine, and that they also gave notice to the local agent; that the local agent, subsequent to the receipt of such notice, sent experts to the plaintiffs' premises, and also came in person, and undertook to put the machine

in such order as to make it run; that plaintiffs talked with the local agent over the telephone, and told him that the machine would not run, and that they were going to return it, and the agent requested them not to return it, and also requested them not to give any written notice, that they did not want the notice, and that they would make the machine run or give them another machine, and that if they failed to furnish them another machine that would run he would give them back their notes. It seems from the evidence and proffered evidence that at least five or six different agents and expert employees of the defendant company went from time to time to the plaintiffs' premises, and examined and worked on this machinery and endeavored to put it in running order, and from time to time requested the plaintiffs to retain the property and assured them that they would make it run or furnish another machine; that after a time they did take this machine back and furnish them another machine, which apparently was no better. The transaction ran along in this manner (according to the statements of plaintiffs' counsel and the offers that he made as to proofs) until the season of 1902, when he was requested by the agent to go to Endicott, Washington, and get another machine they had there called the Buck. Plaintiffs went to Endicott and got the machine, and returned the second machine they had received from the agent to his warehouse and executed new notes for the Buck machine. The plaintiffs say that the agent promised them at that time that he would have the old notes that were given for the first machine returned to him, and would cancel them and wipe out the old contract entirely. The district court refused to admit this evidence offered by the plaintiffs, and thereupon the defendant proved the execution and delivery of the notes and the balance due thereon, after which the court peremptorily instructed the jury to compute the amount due with legal interest and bring in a verdict accordingly in favor of the defendant. A verdict was returned in favor of the defendant for the sum of $1,107.75. Plaintiffs moved for a new trial, which was denied, and they

thereupon appealed from the order and judgment. The appellants complain of the action of the trial court in refusing to admit evidence tending to show that they had no opportunity to use the machine for some days after they received it at the warehouse, and that the "possession" mentioned in the warranty was intended to be one coupled with a possibility or opportunity of use. They also claim that the court should have allowed them to show that the defendant, by the action and conduct of its agents, waived the literal and formal compliance with the requirement for giving them notice, and that all of the plaintiff's evidence along these lines tending to show the waiver and the agreements from time to time to make the property good if the plaintiffs would retain it and try to operate it, and also the agreement for exchange of the machine for the last machine secured, was admissible, and should have been allowed. The respondent contends that the case of *Murphy v. Russell & Co.*, 8 Idaho, 133, 67 Pac. 421, fully justifies the action and ruling of the trial court, and is decisive of this case. In that case the purchasers had held the machine from July 14th to July 31st. They had used it a part of the time during that period; and during the meanwhile no complaint had been made to the company or its agent, and they do not appear to have served any written notice of defects as required by the contract. On the other hand, the company never took charge of the property or sent any agent to repair the property or put it in running order, nor did they do any act or thing which in any way tended to show a waiver of the notice. It will at once be seen that the facts of this case are widely different from the facts of the case at bar. It is true that the warranty that was there considered was identical with the warranty in this case. It is also true that there are some things said in that opinion which, if taken alone and independent of the facts in the case, would appear to support the position taken by respondent here. It should be borne in mind, however, that the language there used is directly referable to the particular facts of the case then under discussion, and should be read and considered

in the light of these facts.  Our careful examination of that case satisfies us that the principle involved and the points there determined are not decisive of the case now under consideration.

The warranty provides that ''Continued possession or use of the machinery for six (6) days shall be conclusive evidence that the warranty is fulfilled to the full satisfaction of the undersigned, etc.''  This language should be read and construed in the light of the purposes for which it was used and the circumstances under which it was employed.  Now, it certainly could not have been the fair intention of either of the parties that the purchasers should, for the purpose of this warranty, be considered in ''possession'' of the property until such time as they might have the property at a place where it would be possible to use it for the purpose of threshing grain.  The company and its agents when selling this property to plaintiffs undoubtedly learned their place of residence and the community in which they expected to work and operate the property.  It certainly could not be said that the six day period began to run at the time of the receipt of the machinery from the warehouse `if, as a matter of fact, the purchasers would have had to transport the machinery seventy-five or one hundred miles across a mountainous region in order to reach the community where they lived and expected to do threshing.  In that case we do not think the contracting parties would have understood or intended that the ''possession'' referred to in the warranty should commence until at least a possibility or opportunity of using the property should arise.  While there are vast grain producing prairies throughout this state, it is frequently necessary to traverse extensive mountain regions to reach many of these agricultural communities, and we must treat the contracts of business men as having been made in the light of natural conditions, and with a view of becoming valid and operative and of mutual benefit to each of the contracting parties.  A construction that would hold the ''possession'' of the machinery in this warranty to commence, in every case, at the

time the machinery was received at the depot or warehouse would convert the contract of warranty into simply a waiver of warranty and give the purchaser no benefit whatever. Evidence, therefore, tending to prove a state of facts similar to or within the line of that suggested above, is clearly admissible, and should be allowed in such a case.

Respondent contends that the agent could not waive any condition of the contract or warranty for or on behalf of the company, and in support of that argument calls our attention to the following clause in the contract: "As the condition hereof it is fully understood and agreed: That this order is given subject to the acceptance of Russell & Co., and that no promises, whether of agent, of employee or of attorney, in respect to the payments, and security, or the working of the machinery named, will be considered binding unless made in writing, ratified by the home or branch office." Now, it can scarcely be said that a waiver of notice or promise to make continued effort to put the machinery in such condition that it would do the work for which it was sold or a promise that in case they were not successful they would substitute a new machine would fall within the prohibition of the foregoing clause of the contract. The only purpose of notice is to enable the vendor to examine the machinery and remedy any defects and put it in running order. When that purpose has been served and the company's agents have taken charge of and examined and worked on the machinery, it becomes immaterial whether any notice at all has been given. (*Massachusetts Loan & Trust Co. v. Welsh,* 47 Minn. 183, 49 N. W. 740; *Davis v. Robinson,* 67 Iowa, 355, 25 N. W. 282; *Nichols & Shepard Co. v. Wiedemann,* 72 Minn. 344, 75 N. W. 208, 76 N. W. 41; *Aultman-Taylor Co. v. Frazier,* 5 Kan. 202, 47 Pac. 156; *Baker v. Nichols & Shepard Co.,* 10 Okla. 685, 65 Pac. 100.) If, on the other hand, it should be contended that this clause was an attempt to restrict and limit the future power and authority of the corporation to modify its contract or waive any privilege given it under the contract through its duly constituted agents and attorneys,

then and in that case it would come in conflict with the almost uniform current of authority which holds such stipulations invalid and of no binding force or effect. (*Baker v. Nichols & Shepard Co.*, 10 Okla. 685, 65 Pac. 100; *Nichols & Shepard Co. v. Wiedemann*, 72 Minn. 344, 75 N. W. 208, 76 N. W. 41; *Massachusetts Loan & Trust Co. v. Welch, supra; Lamberton v. Insurance Co.*, 39 Minn. 129, 39 N. W. 76, 1 L. R. A. 222; *Knickerbocker Ins. Co. v. Norton*, 96 U. S. 234, 24 L. ed. 689.)

We have no way of knowing from this record what the appellants, the purchasers of this machinery, can in fact prove with reference to these several transactions, but it is to be presumed for our present purposes that they had evidence to establish, or at least tending to establish, some of the facts which their counsel offered to prove in the trial court, and for that reason a new trial must be granted in order to give them an opportunity of submitting these facts to the jury. In the view we take of the case, plaintiffs should be allowed to submit to the jury any competent evidence they may have tending to establish the fact that notice was waived and also the fact, if it exists, that it was impossible for them to use or test the machinery for any given length of time after they received it at the defendant's warehouse, and if the plaintiffs furnish *prima facie* evidence tending to establish these facts, then they would be entitled to show the further transactions between them and the defendant's agents, and their promises and agreements with reference to the repairs and work upon the machinery in order to make it run, and the exchange of machinery and the like in connection therewith. Counsel for defendant objected to evidence of the acts and statements of the agents on the grounds that plaintiffs had not proven the authority of the agents to bind the company. Whatever the original authority of the agent may have been, it would seem clear that his acts were ratified and confirmed by the company subsequently furnishing the purchasers another machine through the agency and medium of this salesman. They appear to have taken the first machine back and delivered a second machine under the original contract and this

case arises over the delivery of the third or Buck machine, plaintiffs claiming that it was furnished in place of the second and to make good the original contract. It is also argued by respondent that plaintiffs are estopped on the grounds that they continued to make payments on the notes given for the purchase price of the machinery. When all the evidence in the case is heard, this objection may or may not be well taken. If payments were made from time to time under the belief and with the promise and agreement that the machinery would be put in running order and made to do the work for which it was purchased, and such agreement was in fact never complied with, and no further waiver is shown by the purchasers, it would not amount to an estoppel against them; otherwise it might do so. Evidence of their dealings will determine the question.

The judgment is reversed and the cause remanded, with directions to the trial court to grant a new trial and admit in evidence the plaintiffs' further offer tending to establish the facts above suggested. Costs awarded in favor of appellants.

Stockslager, C. J., and Sullivan, J., concur.