(No. 7154. December 13, 1944)

W. H. BINTZ COMPANY, a corporation, Appellant, v. PAUL MUEGGLER, doing business under the firm name and style of CITY BAKERY, Respondent.

(154 P. (2d) 513)

Rehearing Denied January 9, 1945

Frank F. Kibler and Creed W. Mullins for appellant.

762

F. W. Jarvis and Geo. H. van de Steeg for respondent.

AILSHIE, J.—This is an action for recovery of possession of a bread-wrapping machine sold by appellant to respondent under a written contract of purchase and sale, and for damages.

About June 21, 1938, appellant, a Utah corporation, entered into a conditional sale contract with respondent, doing business in Caldwell under the firm name of Mueggler City Bakery, for shipment to respondent of the following described property:

"1-only No. 3 Gellman Speed Grant Wrapper
with elevator plates for Katzinger Pan 4044-A

|  |  |  |
|---|---|---|
| Total Time Price |  | $1,138.60 |
| Less Trade in Allowance | $115.00 |  |
| Less down payment | 150.00 | 265.00 |
|  |  |  |
| Unpaid Time Balance |  | $ 873.60 |

(Trade in is Gellman Model C Speed Grant
Super-Junior Slice-Wrap-Seal combination)"

The bread-wrapping machine was delivered by appellant to respondent about August 15, '38; when delivered, it was understood and agreed "that one man could wrap 720 loaves of bread per hour; that said machine failed to wrap 720 loaves of bread . . . . that it required the labor of two men to wrap 400 loaves per hour; that the machine did not efficiently perform the work at time of its installation; that plaintiff had immediate notice thereof through actual knowledge of its agents who personally operated the machine."

Appellant was requested by respondent to take back the machine and return to him the old machine delivered to appellant as a trade-in in part payment of the new machine, all of which was refused by appellant.

The cause was tried to the court without a jury. The court denied plaintiff's prayer for immediate possession of

the property. Judgment was awarded respondent for damages in the sum of $554.05 and for costs of suit. It was also decreed that respondent "be and he hereby is entitled to retain the possession of the personal property described in the complaint and the answer, to-wit: . . . . together with the appliances thereunto belonging, until such time as the plaintiff returns to the defendant the trade-in machine, [describing it] and repays the defendant the sum of $150.00 paid to plaintiff upon the purchase price of the first aforesaid machine, and pays to defendant the amount of the judgment aforesaid for damages, i. e., the sum of $554.05, and that upon returning said machine to defendant and making the said payments, the plaintiff is then adjudged and decreed entitled to the possession of said machine; and it is further ordered, adjudged and decreed that the defendant, at his election, is entitled to permanent possession and full ownership of said machine upon paying to plaintiff the difference between the unpaid balance of the purchase price, i. e., $873.60, hereinabove awarded the defendant, including the cost."

From the whole of such judgment, plaintiff has appealed.

■ Respective counsel have furnished us with very exhaustive briefs on various questions relating to conditional sales of personal property. Appellant's specifications of error cover numerous phases of the case that could possibly arise. However, we deem it necessary only to consider the contention made by appellant, that the affirmative defense and cross-complaint pleaded by the defendant and the evidence introduced in support thereof should not have been allowed, for the reason, as appellant contends, that breach of covenant of warranty in conditional sale contract can not be set up as a defense or cross-complaint in an action in replevin, or claim and delivery as designated in our statute. (*Hunter v. Porter,* a possessory action involving a lease of real property, 10 Ida. 72, 77 P. 434; *Cunningham v. Stoner,* 10 Ida. 549, 557, 79 P. 228; *Harrison v. Russell & Co.,* 12 Ida. 624, 87 P. 784.)

It is true that, prior to the adoption of the Uniform Sales Law, it was held that breaches of covenant contained in a contract of sale could not be set up as a defense or by way of recoupment in a replevin action for the possession of the property sold. Since the decision of the cases above cited and, in 1919, the legislature enacted what is known as the "Uniform Sales Law." (Sec. 62-609, I. C. A.; 1919 Sess.

Laws, chap. 149, p. 443.) Sec. 69 of the original act is now embodied in sec. 62-507, I. C. A., and, among other things, provides as follows:

"1.  Where there is a breach of warranty by the seller, the buyer may, at his election:

"a.  Accept or keep the goods and set up against the seller, the breach of warranty by way of recoupment in diminution or extinction of the price.

"b.  Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty.

"c.  Refuse to accept the goods, if the property therein has not passed, and maintain an action against the seller for damages for the breach of warranty.

"d.  Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received return them or offer to return them to the seller and recover the price or any part thereof which has been paid."

The state of New York adopted the Uniform Sales Act in 1911, containing a provision identical with the foregoing quotation from our statute; and in 1916 the New York Court of Appeals had occasion to pass on a state of facts almost identical with the facts confronting us in this case. The court therein said, inter alia: (*Peuser v. Marsh,* 218 N. Y. 505; 113 N. E. 494, Ann. Cas. 1918B 913, 914.)

"It is clear that conditional sales fall within the purview of the Uniform Sales Act (sec. 82). Although replevin is strictly a possessory action, *Roach v. Curtis,* 191 N. Y. 387, 84 N. E. 283, and the term *recoupment* generally signifies a deduction from a money claim (*Deeves v. Manhattan L. Ins. Co.,* 195 N. Y. 324, 336, 88 N. E. 395) the right to possession in a case like this depends upon the payment of the purchase price; and as the statute provides that the purchase price may be extinguished (which is equivalent to saying it may be paid) by recouping such damages as the buyer may have sustained by the seller's breach of warranty, we can see no sufficient reason for holding that such a defense is not available in a replevin suit. . . . It is obviously to the interest of both parties to a contract of conditional sale like that in suit here to have their respective claims adjusted and determined in one law suit; and we think that the legislative intent to permit this to be done is discoverable in the language of the statute—whether the

seller sues for the purchase price or sues to recover back the goods."

See *Wayne Tank & Pump Co. v. Harper,* 118 Okla. 274, 247 P. 985; *Smith v. Washburn-Wilson Seed Co.,* 40 Ida. 191, 196, 232 P. 574. For analysis and discussion of cases bearing on this question see *Mills Novelty Co. v. Transeau,* (Dela.) 196 Atl. 187, 193.

It must be remembered that in this case the plaintiff plead the written contract between itself and the defendant, which contract contains the warranty relied on by the defense, reading as follows:

"WARRANTY: The W. H. Bintz Company warrants new machinery or equipment to perform efficiently the work for which it is intended when properly installed and operated, provided, however, that in case the machinery or equipment does not operate properly, complaint shall be made in writing to the W. H. Bintz Company within thirty days after installation. No warranty is given with second hand machinery or equipment. This contract not binding upon W. H. Bintz Company until accepted by them at their offices in Salt Lake City, Utah."

Moreover, when it commenced its action, although it claimed possession of the property involved, it nevertheless invoked and submitted itself to the equitable jurisdiction of the court by praying for *general relief.* The prayer of its complaint reads as follows:

"WHEREFORE PLAINTIFF DEMANDS JUDG-MENT:

(1) For the recovery of the possession of the said bakery equipment described in Paragraph III, supra, in this Complaint heretofore, or for the sum of $1,000.00, the market value thereof in case recovery of possession cannot be had. (2) For the sum of $500.00 damages, $25.00 attorney's fees, costs of this suit, and for such other and further relief as the Court may deem meet and proper."

Thus it will be seen that the plaintiff not only plead the warranty relied on by defendant, but also prayed the court to grant general relief on the equity as well as the law side of the court.

So it may readily be seen that this is not a simple ordinary action in claim and delivery under our Provisional Rem-

edies Code and was apparently not so regarded when instituted.

■ The failure of the purchaser to give notice of defects or failure to do the work for which the machine was purchased, became unnecessary in this case, for the reason that it was admitted that the seller's agent who installed the machinery, had notice of the defects and attempted to remedy them. As said by this court in *Harrison v. Russell & Co.*, 12 Ida. 624, 632, 87 P. 784:

"The only purpose of notice is to enable the vendor to examine the machinery and remedy any defects and put it in running order. When that purpose has been served and the company's agents have taken charge of and examined and worked on the machinery, it becomes immaterial whether any notice at all has been given."

■ The warranty was breached. This was the equivalent of partial failure of consideration. (*Wayne Tank & Pump Co. v. Harper*, 118 Okla. 274, 247 P. 985.) It seems clear from the record, that the machine furnished respondent was faulty in some particular or other, so that it did not do good work, although the company attempted to remedy the defect, whatever it was. The vendor's agent recognized the condition when it was called to his attention by respondent and attempted to rectify and put the machine in satisfactory working condition. He advised respondent that the installation of new and more modern bread-pans would rectify the fault in the machine. Respondent, relying on the good faith of the company exercised through its agent, procured the new pans (about Sept. 26, '38, at a cost of $248.00) and installed them, but that did not materially improve the performance of the machine. The agent of the company, whose attention was called to the fact, still was unable to do anything to improve the operation of the machine.

The evidence shows, without dispute, that the machine was never brought up to a maximum of more than 400 loaves per hour; and that most of the time it was from 150 to 300. In the meanwhile, and in the face of these circumstances and conditions, respondent kept on operating the machine, although it was done so at a loss of 280 loaves of bread per week (designated "cripples"), which would have sold for $16.80, had the machine done satisfactory work such as it was intended to perform, and ten and one-half

extra hours of work per week by an employee, making a total loss of $21.00 per week.

■ It appears to us that the loss and damage sustained by respondent from the time the machine was installed until after the installation of the new bread pans, were proper and legitimate items of damage to be charged against appellant. We do not think, however, the respondent was justified in attempting to operate the machine after the failure on the installation of new bread pans. To continue to do so, for practically a year and a half, incurring daily loss, and to charge the same up to the vendor, can not be sanctioned. It became his duty to minimize the damage (*Christensen v. Gorton*, 36 Ida. 436, 211 P. 446; 15 Am. Jur., p. 420, sec. 27), as far as possible. If he had quit using the machine, he would not have entailed the subsequent damage.

We are of the opinion that the general damages allowed, as set forth in Paragraph II of the judgment, are excessive and that the total sum of $554.05 should be reduced by striking therefrom whatever damages are included, which accrued between the time of the installation of the bread pans and the ascertainment of the fact that they did not remedy the defects, to the expiration of the 26-weeks period for which the court allowed damages; that when this correction is made, wherever it appears throughout the findings and decree, the judgment is herein modified and should be affirmed.

The cause is remanded to the trial court with instructions to make amended findings and decree in accordance with the views herein expressed. Costs of this appeal will be equally divided between the parties.

Holden, C. J., and Budge, Givens and Dunlap, JJ., concur.