339 P.2d 663

Charles MOWERS and Helen M. Mowers, husband and wife, Plaintiffs-Respondents,

v.

HOLLAND FURNACE CO., Defendant-Appellant.

No. 8758.

Supreme Court of Idaho.

May 18, 1959.

Gus Carr Anderson, Pocatello, for respondents.

Black, Black & Oliver, Pocatello, for appellant.

KNUDSON, Justice.

Respondents commenced this action against appellant alleging that the heating system and accessories as supplied and warranted by appellant are wholly insufficient for the purpose of heating respondents' home. Under the complaint respondents seek a cancellation of two contracts, one for the purchase of the heating system and one for the purchase of accessories, and the return to them of the amount paid as the purchase price under the contracts together with costs of suit and general relief. The complaint does not allege that written notice of any claimed defect in the heating system was given to appellant. Appellant's answer is a general denial. The record discloses that at the commencement of the trial respondents, pursuant to a notice given approximately four months before trial, moved the court to amend the complaint to include an allegation to the effect that respondents suffered special damages in the amount of $200 as a result of being required to purchase an excessive amount of fuel by reason of the defective condition of the heating plant. There is no record of any ruling upon such motion. The case was tried to the court sitting without a jury. Judgment was entered in favor of respondents in the amount they had paid under the contracts involved together with interest, from which judgment this appeal is taken.

Appellant's first contention is that its demurrer to respondents' complaint should have been sustained by reason of respondent's failure to allege that notice of claimed defects was given at the time and in the manner provided in the contract. In this connection the contract provides:

"The buyer must notify seller in writing within a period of one year from date of installation of the equipment specified hereunder if the said heating plant fails to deliver heating service guaranteed under this contract, or of any other violation of the seller's guarantees."

This Court has held that the failure to give notice such as is here involved is a matter of affirmative defense and that failure to give notice will not relieve the party of responsibility unless such party has been prejudiced by the violation. Both the fact of the failure to give notice and that prejudice resulted therefrom, are matters of affirmative defense which must be pleaded and proved by the aggrieved party. Leach v. Farmers Automobile Interinsurance Exchange, 70 Idaho 156, 213 P.2d 920; also Quinn v. Hartford Accident & Indemnity Co., 71 Idaho 449, 232 P.2d 965.

In appellant's answer it did not allege that notice was not given or that it was prejudiced as a result of any act or omis-

sion on the part of respondents. The original contract here involved was entered into on April 28, 1956 and on November 28, 1956 some furnace accessories were purchased under another contract. The record discloses that under date of January 30, 1957 respondents, in answer to appellant's questionnaire, notified appellant in writing that the furnace was defective, inadequate and unsatisfactory. Another written notice to the effect that respondents were dissatisfied with the furnace was received by appellant February 5, 1957. Considerable evidence was introduced showing that representatives of appellant repeatedly and within one year of the date of purchase, called at the home of respondents and made repairs and changes in the furnace in an attempt to correct it. In the case of Bintz Co. v. Mueggler, 65 Idaho 760, 154 P.2d 513, 516 this Court said:

"The failure of the purchaser to give notice of defects or failure to do the work for which the machine was purchased, became unnecessary in this case, for the reason that it was admitted that the seller's agent who installed the machinery, had notice of the defects and attempted to remedy them."

Appellant's contention that the court erred in overruling its demurrer cannot be sustained.

Appellant contends that the trial court erred in refusing to require respondents to elect to pursue either a rescission theory or to sue for damages. The complaint contains no allegation of damages and the relief requested in the complaint is for cancellation of the contracts and a return of the sum paid as the purchase price, together with the costs of suit. Although the record discloses a notice of respondents' intention to move to amend the complaint and also contains the "Motion to Amend", it does not disclose what ruling, if any, was made upon and in connection with said motion. The trial court's memorandum decision indicates that the offered amendment was not allowed.

Irrespective of whether the court did proceed on the theory that the offered amendment was permitted it would not have constituted error. The offered amendment referred to special damages allegedly resulting directly from the breach of warranty involved and under such circumstances would have been proper for the court to consider. Sec. 64–508, I.C. provides as follows:

"*Remedies of buyer or seller—Interest and special damages.*—Nothing in this law shall affect the right of the buyer or the seller to recover interest or special damages in any case where by law interest or special damages may be recoverable, or to recover money paid where the consideration for the payment of it has failed."

The general rule is stated in 77 C.J.S. Sales § 117, p. 830, as follows:

"On rescission the buyer is entitled to be placed in statu quo and is entitled to a return of the purchase price which he has paid, and to such expenses and special damages as are incident to the transaction and rescission."

However no special damages were allowed and no error occurred in connection with the offered amendment or the evidence offered in support of such amendment.

■ Appellant contends that the trial court in effect read into the agreements involved an implied warranty or guaranty that the furnace would furnish a certain minimum efficiency in combustion of fuel. In this connection appellant complains that the court permitted evidence regarding the efficiency with which the burner would produce combustion of the fuel for the reason that the warranty clause in the contract did not include a warranty that the furnace would produce any specific efficiency in that respect. We do not feel that appellant's said complaint is justified. The warranty provision contained in the contract is as follows:

"Guarantee: After compliance with the terms of this proposition on buyer's part, seller guarantees that the heating plant will warm all rooms to which complete runs of pipe have been installed by seller, *provided proper fuel is furnished* and seller's instructions obeyed." (Emphasis supplied.)

The evidence relative to the efficiency of fuel combustion was proper for the purpose of showing at least one of the reasons why the furnace was not properly functioning and failed to properly heat the house. It was also proper in connection with establishing that "proper fuel" was provided as required by the guaranty clause. It seems clear from the record that the heating plant as installed in respondents' home was faulty and that the court was entirely justified in the conclusion reached.

There is no merit to appellant's contention that its motion for nonsuit should have been sustained—no grounds for the motion were either stated or argued.

■ The other assignments of error are predicated upon the contention that the evidence is insufficient to sustain the findings and judgment of the trial court. We have examined the record relative to each assignment and although the evidence is to some extent conflicting there is sufficient competent evidence to sustain the findings and judgment of the trial court. Finding no reversible error the judgment appealed from must be affirmed and it is so ordered. Costs are allowed respondents.

TAYLOR, SMITH and McQUADE, JJ., and MARTIN, District Judge, concur.

PORTER, C. J., not participating.